# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>FLOREZ, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-01975-LJO-SKO PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RELIEF<br><br>(Doc. 16) |

Plaintiff Andrew R. Lopez ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On March 2, 2010, Plaintiff filed a document titled "Pursuant Rule[sic] 72 Fed. R. Civ. Proc., Objections to Magistrate Judge's Order Dismissing Complaint. And, Request for Stay of Order. And for Counsel to be Asked to Assist Me." (Doc. #16.) Plaintiff requests that the district judge assigned to this case review the magistrate judge's order dismissing Plaintiff's complaint with leave to amend. Federal Rule of Civil Procedure 72(a) provides that a party may serve and file objections to a magistrate judge's order on a nondispositive matter. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Federal Rule of Civil Procedure 72(a).

Having carefully reviewed the record, the Court finds that the magistrate judge's order is supported by the record and proper analysis. The magistrate judge correctly found that Plaintiff's complaint failed to state any cognizable claims under the Eighth Amendment because Plaintiff failed to allege any facts that plausibly support the conclusion that Defendants acted with deliberate

1

indifference. Plaintiff claims that the pleading standard described in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), does not apply to Plaintiff because Plaintiff is proceeding pro se. Plaintiff has cited no law that supports this proposition. Nothing in Iqbal or Twombly suggests that their holdings do not apply to pro se litigants. The magistrate judge properly applied the correct pleading standard to Plaintiff's complaint and provided Plaintiff with notice of the deficiencies in his claims. Plaintiff was properly given leave to amend his complaint to remedy the deficiencies that were identified by the magistrate judge.

The Court finds nothing in the magistrate judge's order that is clearly erroneous or that is contrary to law. Plaintiff has requested that the district judge assigned to this case review the magistrate judge's order and issue various forms of relief. Plaintiff requests that the Court vacate the magistrate judge's order, order the magistrate judge to recuse himself, appoint counsel to assist Plaintiff, issue service of process on Defendants, and report the magistrate judge to an ethics committee. The Court will deny Plaintiff's requests for relief.

Accordingly, it is HEREBY ORDERED that Plaintiff's March 2, 2010 request for relief from the magistrate judge's February 19, 2010 screening order is DENIED.

IT IS SO ORDERED.

**Dated:    June 23, 2010**                    **/s/ Lawrence J. O'Neill**
                                                              UNITED STATES DISTRICT JUDGE