# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>FLOREZ, et al.,<br><br>    Defendants. | CASE NO. 1:08-cv-01975-LJO-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS DENYING REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Doc. 17)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Andrew R. Lopez ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On March 24, 2010, Plaintiff filed a "Notice of Obstructions to Court Access. An Exceptional Circumstance Warranting discretion for this court to ask counsel to assist me. And OSC." (Doc. #17.)

Plaintiff informs the Court that his law library access was obstructed because he was falsely accused of abusing his library privileges. Plaintiff complains that the author of the report, R. Rosenthal, was previously removed from his position in the library after a court warned the warden to stop obstructing Plaintiff's court access. Plaintiff also complains that Rosenthal is enforcing a proposed policy, though Plaintiff provides no explanation of what the policy was or how it adversely affected Plaintiff.

Plaintiff asks the Court to issue an order requiring the warden at plaintiff's prison to explain "why Mr. R. Rosenthal was put back in the 4B SHU law library," to "explain why [Plaintiff] have[sic] not been afforded law library access," and "explain why [the warden] is violating California Government Code §§ 11340.5 and 11342 by enforcing 'proposed' regulations." (Notice

1  of Obstructions to Court Access 2, ECF No. 17.)  Plaintiff also requests that the Court appoint
2  counsel for Plaintiff.

3       Plaintiff is requesting preliminary injunctive relief.  The purpose of a preliminary injunction
4  is to preserve the status quo if the balance of equities so heavily favors the moving party that justice
5  requires the court to intervene to secure the positions until the merits of the action are ultimately
6  determined.  <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). "A plaintiff seeking a
7  preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to
8  suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
9  favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council,</u>
10 <u>Inc.</u>, 129 S. Ct. 365, 374 (2008).

11      "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be
12 granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion." <u>Mazurek v.</u>
13 <u>Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A
14 party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by
15 evidence.  With respect to motions for preliminary injunctive relief or a temporary restraining order,
16 the Prison Litigation Reform Act ("PLRA") provides that:

17-20   [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

21 18 U.S.C. § 3626(a)(2).

22      The Court is reluctant to interfere with the day-to-day activities of prison administrators.
23 Plaintiff has not demonstrated that he is entitled to the extraordinary remedy of a preliminary
24 injunction.  Plaintiff has not presented any evidence or argument to show that he is likely to succeed
25 on the merits of his claims, that he is likely to suffer irreparable harm in the absence of the relief that
26 he seeks, that the balance of equities tips in his favor, or that the relief he seeks is in the public's
27 interest.  Accordingly, the Court will not grant the relief requested.
28 ///

1    Plaintiff also requests that the Court appoint counsel for Plaintiff.  Plaintiff does not have a
2 constitutional right to appointed counsel in this action.  Rand v. Rowland, 113 F.3d 1520, 1525 (9th
3 Cir. 1997).  Further, the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C.
4 § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S.
5 296, 298 (1989).  The Court does not have a reasonable method of securing and compensating
6 counsel.  Therefore, Plaintiff's request for appointment of counsel will be denied.

   Accordingly, it is HEREBY RECOMMENDED that:

   1.   Plaintiff's requests for preliminary injunctive relief be DENIED; and

   2.   Plaintiff's request for appointment of counsel be DENIED.

   These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 26, 2010**                    /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE

3