IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ, | Case No. 1:08-cv-01975 LJO JLT (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR AN ORDER TO SHOW CAUSE |
| vs. | |
| FLOREZ, et al., | (Doc. 36) |
| Defendants. | |

On February 27, 2012, Plaintiff filed a motion seeking several orders from the Court: 1) Plaintiff requested the appointment of counsel; 2) Plaintiff requested the Court issue an "Order to Show Cause"; 3) Plaintiff demanded to know the identity of the persons providing information in the "Remarks" section of the service forms presented by the U.S. Marshall service; and 4) Plaintiff sought numerous records from the warden at Corcoran State Prison. (Doc. 36). Plaintiff does not specify exactly why he seeks the Order to Show Cause or against whom he seeks that Order. Based upon the content of Plaintiff's Motion, the Court assumes it relates to his belief that staff at Corcoran State Prison are thwarting his efforts to proceed with his legal claims against the Defendants. For the reasons set forth below, Plaintiff's motions are **DENIED**. However, the Court notes that it has recently issued an Order Directing the United States Marshall Service to Initiate Re-Service on Defendants Florez, Reed, and Veronica Using Assistance of Legal Affairs Division of the CDCR. (Doc. 40).

///

1

**Appointment of Counsel**

Plaintiff is advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and that the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotations and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well-versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. The Defendants in this case, have not yet been served. Plaintiff has, however, has responded to each of the deadlines set by the Court thus far. At this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. And, based on a review of the record and the evidence presented (or lack thereof), the Court does not find that Plaintiff's health precludes him from adequately articulating his claims.

**Order to Show Cause**

On January 30, 2012, the Court directed the United States Marshal to serve Defendants Florez, Reed and Veronica the summons and complaint. (Doc. 33) The summons were returned unexecuted. (Doc.34) The Marshal reported that the CDCR was unable to locate any record of these Defendants. Id. at 1-3.

Plaintiff seems to requests that this Court use its contempt authority to order the entity that employs Defendants to produce documents which would enable the Marshall to serve the Defendants. While Plaintiff believes he has submitted sufficient information to allow the Marshall to identify the Defendants, it does logically follow that such information is sufficient to effectuate service. Given

2

1  Plaintiff's concerns, the Court has recently ordered the United States Marshall Service to attempt to re-
2  serve Defendants Florez, Reed, and Veronica with the First Amended Complaint using Assistance of
3  Legal Affairs Division of the CDCR. (Doc. 40).  The Court does not believe that any agency's conduct
4  related to service of the operative complaint warrants an Order to Show Cause and therefore declines
5  to issue such an order or compel the production of any material. The Court finds Plaintiff's concerns
6  have been addressed through the Court's recent order to the United States Marshall.  (Doc. 40).

Accordingly, it is **HEREBY ORDERED** that Plaintiff's February 27, 2012 motion for the appointment of counsel and for an Order to Show Cause (Doc. 36) is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 14, 2012**                              /s/ Jennifer L. Thurston
                                                         UNITED STATES MAGISTRATE JUDGE

3