IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>Plaintiff,<br><br>vs.<br><br>FLOREZ, et al,<br><br>Defendants. | Case No. 1:08-cv-01975-LJO-JLT  (PC)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>(Doc. 50). |

On May 1, 2012, Plaintiff filed his third motion asking this Court to appoint counsel. (Doc. 50). Plaintiff filed two previous motions for appointment of counsel, the last of which was denied on March 14, 2012. (See Docs. 16, 21, 24, 36, 44.) Plaintiff again argues that he cannot afford counsel, that his imprisonment will make it difficult to litigate the case, that he has limited knowledge of the law, that the issues in his case are complex, and that his case would be better handled by legal counsel. (Doc. 50). The Court recognizes Plaintiff's concerns, but also recognizes, as noted in the previous orders denying Plaintiff's motion to appoint counsel, that Plaintiff is in no different position than other pro se prisoner litigants. Plaintiff again fails to show that there are exceptional circumstances in his case that would require appointment of counsel.

For the reasons set forth below, Plaintiff's third motion for appointment of counsel is DENIED.

Plaintiff is aware, from his prior motions, that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Furthermore, the only new event that has occurred since the Court's March 14, 2012 order denying Plaintiff's last motion for counsel is the service of the operative Complaint on Defendants. (Doc. 49). At this early stage in the proceedings, the Court is still unable to make a determination that Plaintiff is likely to succeed on the merits. Based on a review of the record in this case, especially the documents Plaintiff filed in support of this motion, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is **DENIED**, without prejudice.

IT IS SO ORDERED.

Dated: __May 4, 2012__                         /s/ Jennifer L. Thurston
                                               UNITED STATES MAGISTRATE JUDGE

2