IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>  Plaintiff,<br><br>vs.<br><br>FLOREZ, et al,<br><br>  Defendants. | Case No. 1:08-cv-01975-LJO-JLT (PC)<br>**ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING MOTION FOR EXTENSION OF TIME TO FILE AN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** 30-DAY DEADLINE<br><br>(Doc. 54). |

On May 31, 2012, Plaintiff filed his fourth motion asking this Court to appoint counsel. (Doc. 54). The Court recently denied Plaintiff's last motion to appoint counsel on May 4, 2012. (Doc. 51.) Plaintiff's May 31, 2012 pleading also requests a 30 day extension of time to respond to Defendants' Motion to Dismiss so that he may gather needed documents. (Id.) For the reasons set forth below, Plaintiff's fourth motion to appoint counsel is DENIED and his request for a 30 day extension of time to respond to Defendants' Motion to Dismiss is GRANTED.

Plaintiff is aware, from his prior motions, that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1

Though Plaintiff reports that he is aware that the Court maintains a list of counsel willing to take pro bono cases, he, seemingly, is unaware that this Court has the most prisoner cases of any court in the country. The Court simply cannot appoint an attorney for every prisoner who chooses to file a civil case. Instead, it must appoint counsel only in those cases that demonstrate exceptional circumstances. Despite Plaintiff's belief that his case is exceptional, clearly he is unaware that this Court has hundreds of cases exactly like his in which the inmate's complaint raises claims of a deprivation of medical care in violation of the Eighth Amendment. In making this point, the Court does not minimize the seriousness of Plaintiff's claims.

Once again, and for the same reasons set forth in the orders denying counsel three times previously, the Court does not find that Plaintiff's case demonstrates exceptional circumstances. Furthermore, nothing has occurred since the Court's May 4, 2012 order denying Plaintiff's last motion for counsel or justifying Plaintiff's repeated requests for the same relief that has been repeatedly denied. (Doc. 51). At most, Plaintiff includes a November 2011 letter from the law librarian (Doc. 54 at 12), portions of the CDCR operations manual (Id. at 14-22), and copies of his request for documents (Id. at 24) to support his argument that he is being denied access to the library and records. (Doc. 54). However, the note from the law librarian seems to indicate only that Plaintiff has not requested a visit to the G.L.U. library and therefore his name was not on the waiting list. (Id. at 12). Additionally, the CDCR section cited by Plaintiff indicates that a $.10 per page charge would be charged for all copies (but may be waived at times when an employee does not supervise the review of records). (Id. at 21). The response to Plaintiff's request for records seems to confirm the $.10 fee and directs him to see his counselor for copies of the requested records. (Id. at 24). Based on a review of the record in this case, especially the documents Plaintiff filed in support of this motion, the Court finds that Plaintiff has been able to adequately articulate his claims. (Id.) Thus, though pursuing this litigation may be a burden on Plaintiff, unfortunately, his choices are to proceed by representing himself or to forego litigation.

For the foregoing reasons and GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED that:

1) Plaintiff's motion for the appointment of counsel is DENIED, without prejudice.

2) Plaintiff is granted thirty (30) days from the date of service of this order in which to file an Opposition to Defendant's Motion to Dismiss.

IT IS SO ORDERED.

Dated:  **June 4, 2012**                                         **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE

3