IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>                              Plaintiff,<br><br>     v.<br><br>FLORES, et al.,<br><br>                              Defendants. | Case No. 1:08-cv-01975-LJO-JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT "VERONICA" WITHOUT PREJUDICE FOR LACK OF SERVICE |

Plaintiff is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The Court first ordered the U.S. Marshall's Service ("USM") to serve the three remaining defendants on January 30, 2012. (Doc. 33). Despite several attempts by the USM to serve Defendant "Veronica," service has not been accomplished.[1] (Doc. 34, 40, 65). For the reasons set forth below, the Court recommends Defendant "Veronica" be dismissed from this action.

**I.     Background**

On December 29, 2011, the Court found Plaintiff's amended complaint stated a cognizable claim against three defendants, including "Veronica." (Doc. 29 and 32.) On January

---

[1] Throughout this case, Plaintiff has only been able to provide the name "Veronica," but has never known if that was a first or last name. (Doc. 36 at 1).

1

30, 2012, the court directed the United States Marshal Service ("USMS") to initiate service of process in this action. (Doc. 33.) However, on February 15, 2012, the United States Marshal returned service for all three defendants, unexecuted. (Doc. 34.)

On February 23, 2012, the Court issued an order requiring Plaintiff to provide additional information to effectuate service. (Doc. 35). Plaintiff responded to the order by arguing that he had provided sufficient information and that prison officials were obstructing service. (Doc. 36.) On March 9, 2012, the Court then ordered the United States Marshall's to initiate service by using the assistance of the legal affairs division of the California Department of Corrections and Rehabilitation. (Doc. 40). By May 1, 2012, two defendants had executed a waiver of service. (Doc. 49). However, service on Defendant "Veronica" had still not been accomplished. Despite the USMS's attempt to serve by mail and through the CDCR employee locator, "Veronica" could not be located. (Doc.65 at 1). The summons for "Veronica" mailed to the California State Prison at Corcoran on March 21, 2012 has recently been returned unexecuted. (Doc. 65). The return receipt indicates that "no 'Veronica' was employed at the facility at the time of the incident." (Doc. 65 at 1).

On May 21, 2012, the two defendants who have appeared filed their motion to dismiss. These findings and recommendations followed.

**II.    Discussion and Analysis**

Federal Rules of Civil Procedure section 4(m) requires that service be accomplished within 120 days after the complaint is filed. Though Plaintiff has provided the Court with all the information he has about Defendant "Veronica,"[2] the USMS has made several attempts at service over the last seven months and has now certified that "Veronica" could not be located. In addition, the CDCR has reported that no one named Veronica worked at the facility at the time of the events giving rise to this claim. Therefore, it is recommended that Defendant "Veronica" be dismissed. On the other hand, if through discovery efforts, Plaintiff learns the true identity of this defendant, he may choose to consider filing a motion to amend the complaint to add the correctly-

---

[2] Other than the name "Veronica" (as a first or last name), Plaintiff has only provided a patient care record with a signature that "may or may not be" Veronica's. (Doc. 64 at 3 and 5).

2

named defendant.[3]

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. The action be **DISMISSED WITHOUT PREJUDICE** as to Defendant "Veronica" only.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 24, 2012**              /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE

---

[3] The Court makes no comment as to the propriety of such a motion at this time. Instead, this will have to be considered at the time of its making.