IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>                            Plaintiff,<br><br>      v.<br><br>FLOREZ, et al.,<br><br>                            Defendants. | Case No. 1:08-cv-01975-LJO-JLT (PC)<br><br>**ORDER CONSTRUING MOTION AS A MOTION TO RECONSIDER; ORDER DENYING MOTION TO RECONSIDER**<br><br>(Doc. 83) |

**I.  Background**

Plaintiff is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1) On January 30, 2012, the Court ordered the matter served on Defendant "Veronica." (Doc. 32) Plaintiff was required to submit documents to allow service (Doc. 29) and he did so. (Doc. 31) Notably, when he did so, Plaintiff reported on the USM-285 form that he did not know whether "Veronica" was the person's first or last name. (Doc. 29)

The documents were forwarded to the US Marshal Service for service of process. (Doc. 33) However, the USMS was unable to effect service on Defendant Veronica because the facility was unable to locate any record of this person. (Doc. 34) Thus, the Court requested Plaintiff supply further information about Defendant Veronica (Doc. 35) and ordered the USMS to reinitiate service on the Legal Affairs department of the CDCR to obtain assistance in locating

and effecting service. (Doc. 40) Once again, this service effort failed. (Doc. 65) Indeed, the CDCR reported that there was no person named "Veronica" "employed at the facility at the time of the incident." Id. Thus, the Magistrate Judge recommended that the defendant be dismissed. (Doc. 66) Plaintiff was granted 14 days—or until September 7, 2012—to file his objections. Id. On this same date, Plaintiff completed a proof of service indicating that he served the objections. (Doc. 72 at 22) By the time the objections were received—on September 14, 2012—the Court had already signed the order dismissing Defendant Veronica. (Doc. 70)

Before the Court is Plaintiff's Motion for the Court to Answer as to Whether the Prison Mailbox Rule Applies to his Filings." (Doc. 83) Because the Court does not answer questions posed by parties, the Court construes this motion as a motion to reconsider the order dismissing Defendant Veronica from this matter. For the reasons set forth below, the Court **DENIES** the motion to reconsider.

**II.    Analysis**

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 490 U.S. 1059 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id.

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. School District 1J, Multnomah County

v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994).  In addition, there may be other highly unusual circumstances warranting reconsideration.  Id.  Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

### A. Plaintiff's Objections

The thrust of Plaintiff's "Motion for the Court to Answer as to Whether the Prison Mailbox Rule Applies to his Filings," is that the Court erred in failing to consider his objections to the recommendation that Defendant Veronica be dismissed from the lawsuit.  Thus, the Court has now reviewed the entirety of the objections and addresses the primary points here.

First, Plaintiff objects that the order to serve Legal Affairs identified Defendant Veronica as an employee of Building 4B-4L on September 13, 2007 (Doc. 40 at 2). (Doc. 72 at 1)  Plaintiff asserts that this order should have identified her as an employee of the "Acute Care Hospital." (Doc. 72 at 1)  However, Plaintiff ignores that this information *was* provided by the USMS to the CDCR originally *and this information failed to yield the identity of this Defendant*.  (Doc. 34)  Thus, Plaintiff does not explain why providing this same information a second time would have been successful.[1]  (Doc. 36)

Second, Plaintiff takes issue with the fact that the USMS used a different USM-285 form rather than the one he provided previously.  (Doc. 72 at 1-2, 4)  Once again, however, Plaintiff ignores that his form failed to yield the identity of the defendant when the USMS served it originally.  Likewise, he does not explain why he believes that use of his form a second time

---

[1] Notably, Plaintiff was ordered to provide further detail for service (Doc. 35) and he failed to do so. Instead, he filed a document in which he lodged accusations that the CDCR and employees of the CDCR conspired to deprive him of his rights and of other illegal acts based upon their failure to locate/identify Defendant Veronica. In doing so, he ignored that it was *his* obligation to provide the information for service, not the CDCR's.

In any event, in that document, Plaintiff cites to the fact that "Nurse Veronica" was identified as a witness in a different grievance he filed in 2009, as evidence that the CDCR lied when it reported that it could not locate Defendant "Veronica" related to the events of this lawsuit that occurred in 2007. (Doc. 36 at 16)  Despite the coincidence of the name, Plaintiff has provided no evidence these people are one-and-the-same and the CDCR has attested that there was no person named "Veronica" at the facility on the date he was denied medical care.

1  would have resulted in service on Defendant Veronica.  (Doc. 34)

2  Third, Plaintiff complains that he sought to have the Court issue subpoenas to allow him
3  to obtain further information about Defendant Veronica but this was not permitted.  At that time,
4  the Court had already ordered service on Defendant Veronica via the Legal Affairs Department of
5  the CDCR.  Thus, the Court rejected that this discovery effort was appropriate.  This was not
6  error.

7  Notably, at that time, Plaintiff speculated that information about Defendant Veronica may
8  have been obtained through an agency that provides contract nurses to the CDCR.  (Doc. 42)
9  Thus, Plaintiff sought to subpoena documents from this agency without having made any
10 showing that Defendant Veronica was a contract nurse or that she was employed by this contract
11 agency.  (Doc. 42)   Likewise, Plaintiff indicated that information about Defendant Veronica
12 might be obtained from CalPers. Id.  Again Plaintiff made no showing that she was a member of
13 CalPers, it is patently unlikely that CalPers—an organization with thousands of members—would
14 be able to identify "Defendant Veronica" given that Plaintiff does not know whether "Veronica"
15 is this person's first or last name or, indeed, whether it is an nickname.

16 On the other hand, the fact that Defendant Veronica has been dismissed from this
17 litigation does not preclude Plaintiff from now conducting discovery into the identity of the
18 person he alleged in his complaint was "Veronica" or "Doe 2."  This does not mean that Plaintiff
19 will be permitted to seek irrelevant information in discovery but information about the person or
20 persons present when he returned to the Acute Care facility at CSP-Corcoran may be pertinent.
21 Then, if Plaintiff can determine the name of the person whom he described as "Veronica" or "Doe
22 2," he could file a motion to amend his complaint or to substitute the correct defendant for "Doe
23 2."[2]

24 Finally, Plaintiff objects that the Office of Legal Affairs forwarded the service documents
25 for Defendant Veronica to the Litigation Coordinator at CSP Corcoran.  (Doc. 72 at 8)  Plaintiff
26 seems to believe that the Court's order to the USMS to serve Legal Affairs precluded that

---

27 [2] If this is Plaintiff's intention he must **immediately** begin these discovery efforts and file his motion to amend the complaint as soon as he has located the defendant's true identity.
28

department from forwarding the service documents to CSP-Corcoran. Plaintiff does not explain why he believes this is true. However, review of the Court's order makes clear that Legal Affairs was not required to effect service but, instead, the USMS was required to obtain the assistance of that office to locate and effect service on Defendant Veronica. (Doc. 40 at 2)

Therefore, having considered the objections raised by Plaintiff, the Court finds that he has failed to demonstrate the order dismissing Defendant Veronica should be reconsidered.

**ORDER**

Based upon the foregoing, the Motion for the Court to Answer as to Whether the Prison Mailbox Rule Applies to his Filings (Doc. 83), which the Court construes as a motion to reconsider, is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 29, 2012**                    **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE