IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>FLOREZ, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 1:08-cv-01975-LJO-JLT (PC)<br><br>**ORDER DENYING MOTION TO VACATE SCHEDULING ORDER**<br><br>(Doc. 81) |

　　　　Before the Court is a document filed by Plaintiff in which he reports prison officials take too long to photocopy his legal documents and they limit his use of the law library. (Doc. 81) Plaintiff claims that currently he is awaiting return from photocopying his objections to the scheduling order, a "request for an order" and discovery for each defendant. Id.

　　　　Plaintiff is advised that merely because he has filed a lawsuit does not mean that this Court has the authority to order the CDCR, who is not a party to this case, to take certain action and it is not an opportunity for Plaintiff to avoid the grievance process before seeking legal remedies. The Court does not run the prison nor can it second-guess the amount of time in the law library that can be given to each inmate-litigant. The Court cannot decide that Plaintiff's access to the law library is more important than another inmate's need; it simply lacks the authority to do so even if there was sufficient evidence that Plaintiff was being treated differently

1

1  than other inmates.

2  Despite Plaintiff's belief to the contrary, Prisoners do *not* have a "freestanding right" to a
3  law library or to legal assistance. Lewis v. Casey, 518 U.S. 343, 351 (1996). Law libraries and
4  legal assistance programs are only the means of ensuring that a prisoner's fundamental right to
5  access the courts is preserved.[1] Id. The accessibility or adequacy of a law library is therefore of
6  constitutional concern only when it thwarts a prisoner from exercising his right to access the
7  courts for the purpose of seeking redress for "claimed violations of fundamental constitutional
8  rights." Id. (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)). To be actionable, the prisoner
9  must demonstrate that he has suffered "actual injury" because of deficiencies in law library access
10 or materials. Lewis, 518 U.S. at 348, 355. Here, the scheduling order was issued less than four
11 weeks ago and the discovery period does not close until March 2013. Thus, there is no showing
12 that the delay in photocopying the documents has inflicted any injury on Plaintiff.

13 Finally, the fact that the CDCR employees fail to photocopy as quickly as Plaintiff wishes
14 and the fact that he is not permitted to maintain his legal documents in his cell while housed in the
15 SHU, is not grounds to appoint him counsel. Once again, as this Court has advised Plaintiff
16 repeatedly, this case does not present complex issues of fact or law nor does he suffer from any
17 impediment to prosecution of this case that is any different from most other litigant-inmates. In
18 addition, far from an average litigant-inmate, Plaintiff has demonstrated that he is quite adept at
19 presenting his arguments in a cogent and coherent fashion.[2] Agyeman v. Corr. Corp. of Am., 390
20 F.3d 1101, 1103 (9th Cir. 2004). Thus, there are no extraordinary circumstances that would
21 justify appointment of counsel in this civil case.

22 However, in light of the Court's order issued today related to Plaintiff's objections to the
23 order dismissing Defendant Veronica (Doc. 84), the Court will amend the scheduling order to

---

[1] Therefore, the fact that Plaintiff must hand-write certain documents does not create a barrier to access to the Court.

[2] In fact, this Court has found Plaintiff quite able before to present his case and denied appointed counsel. Lopez v. Cook, Case No. 2:03-cv-1605, Doc. 323 at 3; ("The court does not find such exceptional circumstances here, where counsel previously was appointed and later was granted leave to withdraw for cause, and where plaintiff has demonstrated that he is very able to articulate his claims on his own. Likewise, the Ninth Circuit's order is not "extraordinary," nor is plaintiff's limited access to the law library.")

extend the deadline to amend the pleadings to be filed no later than January 18, 2012.

**ORDER**

Based upon the foregoing, the Court **ORDERS:**

1. The request to vacate the scheduling order (Doc. 81) is **DENIED**;

2. The request for an order requiring non-party employees of the CDCR to show cause (Doc. 81), is **DENIED**;

3. The request for appointment of counsel (Doc. 81), is **DENIED**;

4. The scheduling order is amended to permit the filing of a stipulated amendment to the First Amended Complaint or a motion to amend the pleading, **no later than January 18, 2012**.

IT IS SO ORDERED.

Dated:   **October 29, 2012**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE

3