IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FLOREZ, et al.,<br><br>　　　　　　Defendants. | Case No. 1:08-cv-01975-LJO-JLT (PC)<br><br>**ORDER DENYING MOTION TO RECONSIDER ORDER DENYING APPOINTMENT OF COUNSEL**<br><br>(Doc. 57) |

### I.　　Background

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff has repeatedly sought counsel in this case and in others. (See Lopez v. Cook, Case No. 2:03-cv-1605, Doc. 323 at 3; ("The court does not find such exceptional circumstances here, where counsel previously was appointed and later was granted leave to withdraw for cause, and where plaintiff has demonstrated that he is very able to articulate his claims on his own. Likewise, the Ninth Circuit's order is not "extraordinary," nor is plaintiff's limited access to the law library.") The Court has found consistently that the issues presented in this case are not complex and Plaintiff has demonstrated his ability to articulate his claims. Thus, repeatedly, this Court has denied Plaintiff's request for appointment of counsel. (Docs. 19, 21, 44, 51)

On June 4, 2012, the Magistrate Judge denied Plaintiff's fourth motion for appointment of counsel. (Doc. 55) In doing so, the Court found,

1

> Though Plaintiff reports that he is aware that the Court maintains a list of counsel willing to take pro bono cases, he, seemingly, is unaware that this Court has the most prisoner cases of any court in the country. The Court simply cannot appoint an attorney for every prisoner who chooses to file a civil case. Instead, it must appoint counsel only in those cases that demonstrate exceptional circumstances. Despite Plaintiff's belief that his case is exceptional, clearly he is unaware that this Court has hundreds of cases exactly like his in which the inmate's complaint raises claims of a deprivation of medical care in violation of the Eighth Amendment. In making this point, the Court does not minimize the seriousness of Plaintiff's claims.
>
> Once again, and for the same reasons set forth in the orders denying counsel three times previously, the Court does not find that Plaintiff's case demonstrates exceptional circumstances.

(Doc. 55 at 2)  The Magistrate Judge noted that the note included with Plaintiff's motion from the law library indicated only that Plaintiff had not requested a visit to the law library.  (Doc. 54 at 12) Likewise, though Plaintiff complained about the $.10 per page fee for photocopying, the CDCR officials referred Plaintiff to his counselor for assistance in determining whether the fee may be waived.[1]  Id.  Because Plaintiff failed to articulate any changed circumstances from when the Magistrate Judge denied his third request for counsel on May 4, 2012, the Court denied Plaintiff's fourth request for appointment of counsel.  For the reasons set forth below, the Court **DENIES** the motion for reconsideration.  (Doc. 57)

## II.     Legal Standard

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).  A reconsideration motion "should not be granted absent highly unusual circumstances." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 490 U.S. 1059 (1989).  A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111,

---

[1] The Court notes that there is no showing that any of the records sought by Plaintiff relates to the instant litigation. (Doc. 54 at 25)

1131 (E.D. Cal. 2001) (internal citations omitted).  "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id.

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. School District 1J, Multnomah County v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994).  In addition, there may be other highly unusual circumstances warranting reconsideration. Id.  Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Here, Plaintiff has not demonstrated any legally sufficient basis to justify reconsideration. Instead, Plaintiff reiterates the same arguments considered and found insufficient by the Magistrate Judge. Having carefully reviewed the record, the Court finds that the Magistrate Judge's order is supported by the record and proper analysis and does not find the Magistrate Judge's order was clearly erroneous or contrary to law. Thus, the motion for reconsideration is **DENIED**.

IT IS SO ORDERED.

Dated:   **November 20, 2012**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE