IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>FLOREZ, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 1:08-cv-01975-LJO-JLT (PC)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR THE CLERK TO ISSUE A SUBPOENA**<br><br>(Doc. 86) |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. On November 5, 2012, Plaintiff filed a request for the Court to issue a subpoenas duces tecum to the warden of CSP-Corcoran in order to obtain the names of the nurses on duty on September 13 and 14, 2007. (Doc. 86 at 10) Plaintiff seeks this information in order to identify the person he referred to in his complaint as "Veronica." Id. at 2, 3.

　　　　The issuance of subpoenas in civil cases is governed by Federal Rule of Civil Procedure 45. Rule 45(a)(3) requires that "[t]he clerk must issue a subpoena, signed but otherwise blank, to a party who requests it. That party must complete it before service." Rule 45(b) then requires that the subpoena be served by "delivering a copy to the named person."

　　　　In this case, Plaintiff is proceeding in forma pauperis. The in forma pauperis statute, authorizes the Court to pay for service of process on behalf of an indigent litigant (28 U.S.C. §

1

1915), it does not authorize the waiver of the document production fees issued to third parties. Tedder v. Odel, 890 F.2d 210, 211-212 (9th Cir. 1989); Fed. R. Civ. P. 45(b).[1]

**ORDER**

1. Plaintiff's request for the Clerk of the Court to issue a subpoena is **GRANTED**;

2. The Clerk of Court is **DIRECTED** to issue a signed subpoena that is otherwise blank, and a Form USM-285 to Plaintiff;

3. Plaintiff is **DIRECTED** to complete the subpoena in accordance with Rule 45[2] and return it to the Court with a copy of this Order;

4. Plaintiff is further **DIRECTED** to return the Form USM-285 to the Court in order to assure service of the subpoena is accomplished in an expeditious manner.

IT IS SO ORDERED.

Dated:   **November 19, 2012**              /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Therefore, Plaintiff must be prepared for the possibility that he may be required to pay for the cost of obtaining copies of the records. Alternatively, Plaintiff can choose not to have the subpoena served to this third party and, instead, seek information related to witnesses via discovery efforts directed to the parties only.

[2] When completing the subpoena, Plaintiff should be mindful it must be narrowly tailored so that it seeks *only* the information pertinent to his claims; i.e. the identities of personnel present when he arrived at the Acute Care Hospital at CSP-Corcoran on September 13, 2007. (Doc. 23 at 18, (¶ 36))