UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANDREW LOPEZ,** | 1:08-cv-01975 LJO JLT |
| Plaintiff, | **ORDER DENYING MOTION TO STRIKE REQUEST FOR EXTENSION OF TIME AS MOOT** |
| v. | |
| **FLOREZ, et al.,** | **(Doc. 91)** |
| Defendants. | |

On December 7, 2012, Defendants filed a motion for a 14-day extension of time within which to respond to discovery requests. (Doc. 89) Defendants indicated that on December 7, 2012, they sought an extension of time from Plaintiff who refused to grant it because he believed that the discovery responses were already overdue. Id. at 2. Defendants reported they attempted to explain to Plaintiff that the responses were not due until December 9, 2012, because Fed. R. Civ. P. Rule 6 permits a three-day extension of the deadline because the discovery was served by mail.[1] Id. Federal Rules of Civil Procedure Rule 6(d) reads,

> When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

---

[1] Plaintiff told Defendants' counsel he had mailed already a motion to compel. (Doc. 89 at 2) However, the Court has not received this motion and given Plaintiff's recent filing, mailed on December 10, 2012, arrived quite timely on December 13, 2012, it appears that Plaintiff's statement was not true.

1

1    The Court considered the request by Defendants and found good cause existed for the
2    extension. (Doc. 90) Most notably, the Court found there was absolutely no prejudice to Plaintiff
3    caused by the slight delay in responding to the discovery. Id. at 2.
4    Now, Plaintiff moves the Court to strike Defendants' request for the extension of time and
5    the Court's order granting it. (Doc. 91) Seemingly, his motivation for this is his belief that the
6    requests for admission have been admitted due to the failure to timely respond to discovery that
7    was due, he asserts, on December 6, 2012. Id. at 2. He argues Defendants had only 45 days from
8    the date he placed his discovery requests into the hands of the prison officials to respond to the
9    discovery. He relies upon the Court's scheduling order as evidence that Fed. R. Civ. P. Rule 6
10   does not apply. Id. Though the scheduling order extends the typical time frame for responding to
11   discovery requests from 30 to 45 days, it does not disavow Fed. R. Civ. P. Rule 6. (Doc. 78 at 1)
12   Indeed, it does not mention the Rule.
13   Here, the discovery requests were served according to Fed. Rule Civ. P. Rule 5(b)(2)(C),
14   which reads, "A paper is served under this rule by . . .[¶¶] mailing it to the person's last known
15   address--in which event service is complete upon mailing." Thus, according to Rule 6(d), three
16   days are added to the deadline for service of a response. Plaintiff argues that because he is a
17   prisoner and the mailbox rule applies, Rule 6 does not. Exactly why Plaintiff believes this is the
18   case is not clear.
19   Indeed, because of the mailbox rule, the start date for calculating Defendants' deadline to
20   Plaintiff's discovery requests was October 22, 2012, which was the date he gave his documents to
21   prison officials for mailing. However, allowing for the 45 days permitted by the scheduling order
22   and adding the three days allowed by Rule 6(d), the due date was December 10, 2012[2], not
23   December 6, 2012.
24   ///
25

---

26   [2]Because December 9, 2012 fell on a Sunday, the discovery responses were not due until December 10,
27   2012. Fed. R. Civ. P. Rule 6(a)(1)(C) [" . . . but if the last day is a Saturday, Sunday, or legal holiday, the
     period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."]
28

2

Thus, Defendants' motion for an extension of time was timely and the motion to strike this request and the Court's order granting the extension of time is **DENIED**.

IT IS SO ORDERED.

Dated:   **December 17, 2012**                                    /s/ **Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE