IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>             Plaintiff,<br><br>vs.<br><br>FLOREZ, et al,<br><br>             Defendants. | Case No. 1:08-cv-01975-LJO-JLT  (PC)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>(Doc. 97). |

On December 26, 2012, Plaintiff filed his fifth request for appointed counsel. (Doc. 97). For the reasons set forth below, Plaintiff's fifth motion to appoint counsel is DENIED.

Prior to the instant motion, Plaintiff's last request to appoint counsel occurred on May 31, 2012. (Doc. 54). In each of Plaintiff's prior motions for appointment of counsel, the Court found the Plaintiff's case was not exceptional and that he has demonstrated that he is able to articulate his claims. On November 20, 2012, District Judge O'Neil denied Plaintiff's motion for reconsideration of Plaintiff's request for counsel and found that Magistrate Judge Thurston's June 4, 2012 order denying Plaintiff's request for counsel was supported by the record and proper analysis. As such, Judge O'Neil did not find Magistrate Judge Thurston's decision to be contrary to law. (Doc. 87 at 3).

In Plaintiff's current motion, he claims that appointed counsel is necessary because he believes this Court is obstructing his ability to litigate the case. (Doc. 87). He blames the Court for returning a subpoena he submitted for signature and contends that the Court has continually failed to assist him in obtaining information for his case.[1] (Doc. 87). Plaintiff contends that such actions are causing him emotional distress and that appointed counsel would be better suited to handle such issues. While a licensed attorney may very well be able to navigate the legal system better than Plaintiff, unfortunately for Plaintiff, that is not the standard. *See* <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997). As set forth in the Court's prior rulings, Plaintiff's case is not exceptional and his misunderstanding of the return of his subpoena does not change the Court's view of his case.

For the foregoing reasons IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 28, 2012**              **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] Contrary to Plaintiff's assertions, the Court has recently ordered Defendants to report on the status of Plaintiff's medical records request and issued an order directing the U.S. Marshal to serve his subpoena. (Docs. 95 and 98).

Moreover, despite Plaintiff's belief, it is not the Court's obligation to assist him in litigating his case. That obligation is his alone.