UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ,<br><br>       Plaintiff,<br><br>       v.<br><br>FLOREZ et al.,<br><br>       Defendants. | Case No.: 1:08-cv-01975 - LJO- JLT<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY<br><br>(Docs. 116, 133) |

Plaintiff Andrew R. Lopez ("Plaintiff") requests that the Court enter "sanctions, including default, against defendants; [and] compel responses." (Docs. 116, 133). Plaintiff also requests appointment of counsel. Id. Defendants Reed and Florez (collectively "Defendants") oppose this motion. (Doc. 128). Having read and considered the pleadings, Plaintiff's motion to compel discovery is **GRANTED IN PART** and **DENIED IN PART.**

I.   **Factual and Procedural Background**

On January 16, 2013, Plaintiff filed the instant motion to compel. (Doc. 116). In it, Plaintiff requests sanctions, including entry of default for Defendants' alleged failure to comply with Plaintiff's request for production, Interrogatory Sets One through Three, and Requests to Admit. (Doc. 116). On January 31, 2013, Defendants requested an extension of time up to an including February 25, 2013, to respond to Plaintiff's motion to compel. (Doc. 119). The Court granted Defendants' motion for extension of time on February 4, 2013. (Doc. 120).

1

On February 25, 2013, Defendants filed their opposition to Plaintiff's motion to compel. (Doc. 128). On March 7, 2013, Plaintiff filed notice that Defendants failed to oppose his motion to compel, dated January 16, 2013. (Doc. 133).

**II.     Standards**

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure. In relevant part, Rule 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b). Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

In responding to discovery requests for production of documents, Defendant must produce documents which are in his "possession, custody or control." Fed.R.Civ.P. 34(a). Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 620 (N.D.Cal. 1995). Such documents also include documents under the control of the party's attorney. Meeks v. Parson, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D.Cal. September 18, 2009) (involving a subpoena to the CDCR); Axler v. Scientific Ecology Group, Inc., 196 F.R.D. 210, 212 (D.Mass. 2000) (A "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control."); Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ill. 1992).

Fed.R.Civ.P. 37 governs sanctions for discovery violations. Prior to granting any dismissal for discovery violations, the Court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Clinton v. California Dept. of Corrections, 264 F.R.D. 635, 641 (E.D. Cal. 2010).

A warning of dismissal is sufficient to satisfy factor number five. Id., at 641. The minimal threshold inquiry the Court must make prior to any dismissal is to determine whether any willfulness, fault or bad faith exists on the part of the non-moving party. Id.

### III.   Analysis

#### A.   Request for production of documents.

Federal Rules of Civil Procedure 34(a)(1) permits a party to seek production of documents. The obligation imposed by Fed.R.Civ.P. 34(a)(1) extends only to those designated and non-privileged documents, tangible things, or electronically stored information which are within the responding party's "possession, custody or control." A responding party may be required to produce a document that is not in its possession if the responding party has a "legal right to obtain the document." Bryant v. Armstrong, 285 F.R.D. 596, 603 (S.D. Cal. 2012)(internal citation omitted). A responding party has an affirmative duty to reasonably seek information requested under Rule 34(a) from its agents or others under its control. Hill v. Eddie Bauer, 242 F.R.D. 556, 560 (C.D. Cal. 2007). The Court may require more than a simple answer where a responding party contends that documents are not in its possession, custody or control. Bryant, at 603. However, the burden of proving that a document is in the possession, custody or control of a responding party rests on the requesting party. See Clinton, at 645.

Plaintiff contends that the documents requested in his request for production numbers 1, 2, 7, 8, 9, and 11 through 17 should be in the Defendants' "possession, custody or control." The Court addresses Plaintiffs request for production number concerns as follows:

#### 1. Request for production numbers 1, 2, 11, 12, 13, and 14.

In request for production numbers 1, 2, 11, 12, 13, and 14, Plaintiff requests certain documents that relate to Defendants' medical training. After noting objections, namely that the request was overly broad and unduly burdensome, Plaintiff reports that Defendant Reed responded to requests number 1, 11, 13 and 14 that following a diligent search, no responsive documents could be found. As

to request number 1, Florez produced responsive documents.[1] As to requests number 1, 13 and 14, Plaintiff claims Florez reported that following a diligent search, no responsive documents could be found. As to the remaining requests, Plaintiff claims both Defendants noted that all responsive documents had been provided.

Defendants assert that as to requests number 1 and 2, both Defendants claim they produced all responsive documents. As to requests 11 and 12, both Defendants claim they produced all responsive documents which were the same documents produced in response to requests number 1 and 2. As to requests 13 and 14, Defendants claim they reported they had no responsive documents.

In any event, Plaintiff argues that Defendants "must have training documentation" that Defendants should produce. However, makes no showing that the documents exist or are within Defendants' control. The Court cannot force a party to produce documents he does not have. Thus, Plaintiff's motion to compel as to request for production numbers 1, 2, 11, 12, 13, and 14 is **DENIED**.

**2. Request for Production number 7.**

In request for production number 7, Plaintiff seeks all "post order acknowledgments...signed by [Defendants] from 2005 to the present." Plaintiff further requests to "expand" his original request for production 7 to include additional language. Plaintiff cannot utilize the present motion to compel modify his original request for production. Therefore, this request is **DENIED**.

In response to the request, Defendants assert that no documents exist which are responsive to request for production number 7, as licensed vocational nurses, they do not have peace officer status. Defendants further explain that Health Care Managers keep post orders for peace officers, but not for non-custodial medical staff. Thus, Defendants assert they have no responsive documents. Once again, the Court cannot force a party to produce documents he does not have. Plaintiff's motion to compel as to request for production number 7 is **DENIED**.

**3. Request for production number 8.**

In request for production number 8, Plaintiff seeks all nursing protocols from January 2007 to the present. While noting that Defendants produced over 160 pages of documents in response to this

---

[1] Plaintiff complains that the "key codes" to interpret the documents were not provided. However, the request did not seek this information.

4

request, Plaintiff objects to the content of the documents produced. Plaintiff indicates that Defendants should have produced all protocol documents relating to licensed vocational nurses and only those in force at the time of the subject incident.[2]

Defendants contend that older versions of policies are removed and replaced when newer versions of the same policies are issued. They explain also that older versions are not kept by the Defendants and that they have no other responsive documents. As noted above, the Court cannot production of documents that don't exist. Thus, Plaintiff's motion to compel as to Request for Product number 8 is **DENIED**.

### 4. Request for production number 9.

Plaintiff seeks "post assignment" logs in request for production number 9. He also requests the Court to combine request for production number 9 with request for production number 7. The Court again notes that modification of the Plaintiff's original request for production is not proper in the matter at bar. As "post assignment" refers to the assignment of a peace officer within the prison, Defendants state that no "post assignment logs" are available for licensed vocational nurses because licensed vocational nurses are not peace officers. Thus, Plaintiff's motion to compel as to request for production number 9 is **DENIED**.

### 5. Request for production number 15.

Plaintiff seeks production of the left logbook for Facility 4B for September 13 and 14, 2007 in request for production number 15. In response, Defendants present the Court with a sworn declaration of M. Kimbrell, the Litigation Coordinator for the CSP-Corcoran. (Doc. 128, Ex. A). The sworn declaration notes that despite a search of the facility, no responsive documents could be located. Despite Plaintiff's explanation of the significance of these documents, the Court cannot compel production of documents which cannot be located. Thus, Plaintiff's motion to compel as to request for production number 15 is **DENIED**.

///

---

[2] In his motion, Plaintiff attempts to modify the language of the request to only those protocols that apply to LVNs and to narrow the request for the relevant time period. However, the Court can address here only those requests, as they read at the time they were propounded.

**6. Request for production number 17.**

Plaintiff seeks documents that show which nurses where assigned to the "Acute Care Hospital" between September 12 - 14, 2007 in request for production number 17.  Defendants indicate that they sought to obtain records to that were responsive to request for production number 17 from CSP-Corcoran and that no such documents could be located.  Instead, CSP-Corcoran has record of the nurses working in the Acute Care Facility only as far back as 2008.

Anticipating that the request was attempting to identify the true name of the person identified as "Veronica" by Plaintiff, Defendants provided the sworn declaration of M. Kimbrell, the Litigation Coordinator for the CSP-Corcoran.  Mr. Kimbrell reported that in response to the subpoena Plaintiff served on CSP-Corcoran, that entity provided Plaintiff with a copy of the nursing care note prepared by the individual who assisted Plaintiff on September 13, 2007.

Based upon the foregoing and the fact that no further responsive documents exist, Plaintiff's motion to compel as to request for production number 17 is **DENIED**.

**7. Request for production Numbers 3, 4 and 16.**

    **a. Relevance of request for production Number 3.**

Fed.R.Civ.P 26(b)(1) permits parties to obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  A party may obtain information through discovery that is inadmissible at trial so long as the relevant information sought is "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).  While the term "relevant" is liberally construed, information which has no bearing on the case is not allowed through discovery. Miller v. Pancucci, 141 F.R.D. 292, 295(C.D. Cal. 1992)(citations omitted).  Discovery may be extended not only to issues set forth in the pleadings, but also to assist a party in defining and clarifying the issues. Miller, 141 F.R.D. at 295.  The first step the Court must determine is whether the information sought by Plaintiff is relevant. Id.  A request is overly broad—and hence, objectionable--if it fails to limit itself to relevant topics or a relevant time period.

Plaintiff contends that the information set forth in Request Number 3 is related to Defendants' employment and relates to the health care of other prisoners.  He asserts that Defendants' prior interactions would show Defendants' training, competence and attitude towards other prisoners and

6

their healthcare. Plaintiff has brought a cause of action based on Defendants' actions as his health care providers. As Plaintiff asserts a cause of action against Defendants based on their alleged failure to provide proper medical care, *some* of the information sought in request for production number 3 may lead to admissible evidence under the Federal Rule of Evidence 404 or 608(a).

However, the request is overly broad. Notably, the request seeks every document in the personnel files—or any other file—which is "related to" CDCR jobs held by Defendants which required interaction with inmates. It does not seek only those documents which discuss interactions between Defendants and inmates nor does it seek only those documents which involved claimed denial of medical care by Defendants.

Likewise, Plaintiff does not explain, for example, why knowledge of Defendants' work assignments could provide any admissible evidence on the topics at issue. He does not explain how, for example, information that Defendants had been removed from positions due to conduct of the inmate, such as threats, violence, etc., could lead to admissible evidence. He does not explain why performance evaluations which would likely include a range of information, such as the employee's salary, home address or issues of performance unrelated to the provision of medical care—such as whether the employee is habitually tardy, has a tendency toward taking too many breaks or smokes in non-smoking areas—none of which has any bearing on how they interact with inmates. None of this information is pertinent to the issues at hand. Thus, the Court **SUSTAINS** Defendants' objection that the request is overly broad.

On the other hand, this does not excuse Defendants from providing that documents which contain information that bears on complaints, discipline or the like, related to Defendants' denial of medical care to inmates.

### b. Redaction will permit documents, otherwise protected by the Health Insurance Portability and Accountability Act, in response to request for production Numbers 4 and 16.

Under the Health Insurance Portability and Accountability Act ("HIPPA") 42 U.S.C. § 1320d-6 et seq, health care providers are restricted from ex parte communication about a patient's medical condition without the patient's consent, but such restrictions are not absolute. Allen v. Woodford,

7

2007 WL 309485*5 (E.D. Cal. January 30, 2007).  HIPPA permits disclosure of protected health information pursuant to a court order or discovery request when the "healthcare provider receives satisfactory assurance from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order."  Allen, 2007 WL 309485 * 5 (citing 45 C.F.R. § 164.512(1)(e)(ii)(b))(internal quotations omitted).  A HIPPA compliant protective order must: 1) prohibit the use or disclosure of the protected health information "for any purpose outside of the litigation" and 2) require that the protected information be returned to the physician or destroyed at the end of the litigation.  Allen, 2007 WL 309485 * 5 (citing 45 C.F.R. § 164.512(1)(e)(v)).

Here, Defendants oppose Plaintiff's request for documents related to "[a]ll documents from 2005 to present relating to prisoner grievances...that relate to [Defendants'] involvement with CDCR prisoners" in request for production number 4.  Nevertheless, as to this request, Defendants report that the only prison grievances within their control are those which they have attached.

Defendants also object to request for production number 16, which is a request for an urgent/emergent care tracking log.  Defendants assert that since they are healthcare providers to other prisoners, Plaintiff's requested documents are protected from disclosure under HIPPA.  Nevertheless, as to this request, Defendants assert they have no responsive documents.

### c. Conclusion

As to requests 4 and 16, because Defendants have no responsive documents, the motion is **DENIED**.

As to request for production number 3, the Court **GRANTS IN PART** Plaintiff's motion to compel as follows:

> Within 21 days of service of this order, Defendants **SHALL** produce documents from their own personnel files or otherwise, which contain information that bears on complaints, discipline or the like, related to Defendants' denial of medical care to inmates.  Defendants **SHALL** redact the names of the complaining inmate and other witnesses and all other personal identifiers, so that only the first initial of the last names are shown.  Defendants SHALL NOT redact the names of any party to this current

action. Defendants are only required to produce those documents which are in their care, custody or control, pursuant to Fed.R.Civ.P. 34(a).

The Defendant must produce a privilege log as to any document not produced that is subject to the attorney-client privilege or work product privilege.

### B. Interrogatories.

Fed.R.Civ.P. 33(b) governs a party's responses to written interrogatories. A responding party must answer each interrogatory "separately and fully in writing under oath." Fed.R.Civ.P. 33(b)(3). If a responding party objects to an interrogatory, the responding party must state his or her objection with specificity. Fed.R.Civ.P. 33(b)(4). The responding party bears the burden of justifying his or her objections to written interrogatories when a requesting party files a motion to compel. Beckner v. El Cajon Police Dept., 2008 WL 2033708 * 3 (S.D.Cal. 2008). A requesting party will not be entitled to a motion to compel a response to an interrogatory simply because the requesting party received an answer that was unanticipated. See Brew v. Johnson, 2008 WL 686433 *2-14 (E.D.Cal. 2008).

Plaintiff served three sets of interrogatories to Defendants. Defendants did not object to any of the interrogatories and provided full, substantive responses. Nevertheless, Plaintiff objects to the substantive merits of Defendants' responses to Plaintiff's Interrogatory sets One, Two and Three. In essence, he disagrees with Defendants' view of the fact. However, Plaintiff cites no legal authority that would authorize the Court to compel Defendants to modify their answers. Plaintiff's substantive objections may be more properly raised on a Rule 56 motion for summary judgment. See Fed.R.Civ.P. 56. The Court **DENIES** Plaintiff's motion to compel as to Defendants' responses to Plaintiff's Interrogatories.

### C. Request to Admit.

Fed.R.Civ.P. 37(c) guides the Court in determining when sanctions are appropriate for improper responses to requests to admit. Accordingly, the Court may sanction a party where the party fails to admit "the truth of any matter as requested" without having a reasonable basis for doing so. Fed.R.Civ.P. 37(c); Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994). Upon motion, Rule 37(c) also permits sanctions to be imposed when a party fails to admit the truth of a matter requested and the requesting party thereafter proves the truth of the matter. Fed.R.Civ.P. 37(c).

### i.     Compliance With Rule 36(a)(4).

Fed.R.Civ.P. 36(a)(4) governs how a party must answer a request to admit. A party may specifically deny a request to admit or may "state in detail why the answering party cannot truthfully admit or deny it." Fed.R.Civ.P. 36(a)(4). A responding party may qualify his or her answer or deny part of the answer where good faith exists, but "the answer must specify the part admitted and qualify or deny the rest." Id. A responding party may assert "lack of knowledge or information" as the basis of their denial to a request to admit. Id. As a precursor to such response, however, a responding party must state that he or she has "made reasonable inquiry and that the information [he or she] knows or can readily obtain is insufficient to enable [him or her] to admit or deny." Id.

Courts generally permit a responding party who fails to comply with the literal requirements of Fed.R.Civ.P. 36(a) to amend its answer. Asea, Inv. V. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981); see also A. Farber & Partners, Inc. v. Garber, 237 F.R.D. 250 (C.D. Cal. 2006). The Court notes that it is required to order that an answer be served where it finds an objection is unjustified. Fed.R.Civ.P. 36(a)(6). Furthermore, the Court is permitted either to order the request admitted or order an amended answer. Id.

In his Request to Admit numbers 6, 7[3], 8, and 9, Plaintiff asks Defendants to admit the "Health Care Manual" requires Defendants to perform certain actions. Defendants admit request numbers 6, 8, and 9, but qualify their answers by quoting certain portions of the "Health Care Manual"and/or the operational procedure. Rule 34(a)(4) specifically permits Defendants to qualify their admission or to simply deny a request to admit. Defendants deny Request to Admit number 7 and Plaintiff fails to demonstrate how this response is sanctionable. Thus, the Court **DENIES** Plaintiff's motion to compel as to Request to Admit numbers 6, 7, 8, and 9.

In regard to Request to Admit numbers 13-18, 31-34, and 37-39, Plaintiff correctly states that Defendants failed to comply with the literal language or Rule 36(a)(4). Defendants themselves admit that they responded to Request to Admit numbers 13-18, 31-34, and 37-39 by stating, "Responding party lacks sufficient knowledge or information to admit or deny the request" without failing to

---

[3] As noted above, the Court can only consider the request as it read when was propounded.


1  indicate that this response is made after having made a reasonable inquiry.  However, Defendants
2  report that, except for request number 38 as to Reed, all of the requests require a response based upon
3  their memory of the event and no inquiry would refresh their memories.  Nevertheless, Defendants
4  have served amended responses which clarify that they have made reasonable inquiry as to the
5  requests except for request 30 to Reed who now denies this request. Therefore, the Court **DENIES** the
6  motion as to requests 13-18, 31-34, and 37-39 propounded to Defendants.

7  Plaintiff objects to Defendants' response to request number 24 by noting that Defendants failed
8  to literally state that they "made a reasonable inquiry" prior to stating that they "lacked sufficient
9  information to admit or deny the request."  However, Defendants provide a thorough explanation in
10 their response to Request to Admit 24 as to why they cannot admit or deny the allegations contained
11 therein.  Notably, Defendants assert the request seeks an admission that they are accountable under a
12 specific section of the Health Care Manual which does not apply to them and applies only to non-
13 LVNs.  Plaintiff attempts to clarify that this section of the Health Care Manual would apply to their
14 accountability for those they "manage."  However, Defendants objected also that the request was
15 vague and ambiguous and a plain reading of the request seems to indicate that Plaintiff wished for
16 Defendants to admit they "are accountable for YOUR actions . . ."  Given that this request is
17 susceptible to the meaning ascribed by Defendants and that explained by Plaintiff, by definition, it is
18 vague.  Thus, the objection is **SUSTAINED**.  Thus, the Court **DENIES** Plaintiff's motion to compel
19 as to Request to Admit Number 24.

20     **D.**    **Request for Assistance of Counsel**

21 This Court notes that the Court previously advised Plaintiff on numerous occasions that he
22 does not have a constitutional right to appointed counsel in this action. See e.g. (Doc. 44).  The Court
23 has further stated that barring any exceptional circumstances, this Court could not require an attorney
24 to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1)(citing <u>Mallard v. United States District Court</u>
25 <u>for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989)). (Doc. 44).  The Court previously
26 determined that no exceptional circumstances existed by considering both the likelihood of Plaintiff's
27 success on the merits and Plaintiff's ability to articulate his claims pro se in light of the complexity of
28 the legal issues raised. (Doc. 44).   Seemingly, Plaintiff believes that continuing to file the same

11

1 motion over and over based upon the same, essential assertions will somehow evince a different
2 response from the Court; it will not.
3       In the present matter, the Court - as it has previously done - does not find the any exceptional
4 circumstances.  Even if it were assumed that Plaintiff has a likelihood of success on the merits of his
5 claim, Plaintiff has demonstrated that he is able to articulate his claims pro se.  To date, Plaintiff has
6 filed extensive discovery requests and responded to deadlines.  Plaintiff's allegations that "important
7 discovery is being withheld from Plaintiff, presents insufficient grounds to establish exceptional
8 circumstance, as Plaintiff has already sought a remedy to any alleged discovery violations through the
9 Court.  Plaintiff's motion for Assistance of Counsel is **DENIED**.

**ORDER**

11       Based on the foregoing, Plaintiffs' motion to compel Discovery (Doc. 116 and 133) is
12 GRANTED IN PART and DENIED IN PART as follows:
13       1.    The Court finds no evidence of willfulness, fault or bad faith on the Defendants' part
14 for  any alleged discovery violations at this juncture of the proceedings.  No sanctions will be entered
15 against them.
16       2.    Plaintiff's Notice that Defendants Failed to Oppose His motion to compel Discovery
17 and Request that motion to compel Be Granted in Full (Doc. 133) is **DENIED** as moot because
18 Defendants' filed their response on February 25, 2013. (Doc. 128).
19       3.    The motion to compel Responses to request for production numbers 1, 2, 4, 7, 8, 9, and
20 11 through 17 is **DENIED**.
21       4.    The motion to compel request for production numbers 3 is **GRANTED IN PART** as
22 follows:
23       Within 21 days of service of this order, Defendants **SHALL** produce documents from
24       their own personnel files or otherwise, which contain information that bears on
25       complaints, discipline or the like, related to Defendants' denial of medical care to
26       inmates.  Defendants **SHALL** redact the names of the complaining inmate and other
27       witnesses and all other personal identifiers, so that only the first initial of the last names
28       are shown.  Defendants **SHALL NOT** redact the names of any party to this current

action.  Defendants are only required to produce those documents which are in their care, custody or control, pursuant to Fed.R.Civ.P. 34(a). The Defendant must produce a privilege log as to any document not produced that is subject to the attorney-client privilege or work product privilege.

5. The motion to compel Defendants' Responses to Plaintiff's Interrogatories is **DENIED** as to all interrogatories.

6. The motion to compel Defendants' Responses to Plaintiff's Request to Admit numbers 6, 7, 8, 9, 13-18, 24, 31-34, and 37-39 is **DENIED**.

7. The motion for Assistance of Counsel is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 19, 2013**                     **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE

13