UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>FLOREZ, et. al,<br><br>        Defendants. | Case No.: 1:08-cv-01975 –LJO- JLT (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE DISCOVERY REQUESTS<br><br>(Doc. 125)<br><br>ORDER DENYING PLAINTIFF'S MOTION THAT DEFENDANTS FAILED TO RESPOND TO DISCOVERY, MOTION FOR SANCTIONS AND/OR TO COMPELAND REQUEST FOR COUNSEL<br><br>(Doc. 134)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY AND RESPOND TO PLAINTIFF'S MOTION TO COMPEL<br><br>(Doc. 143). |

       Plaintiff Andrew Lopez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are Plaintiff's motion for an extension of time to file motions to compel discovery (Doc. 125) and Plaintiff's numerous motions to compel discovery (Docs. 134, 135, 137, and 139). Also before the Court is joint motion for extension

1

of time to respond to discovery and respond to Plaintiff's motions to compel in regard to Documents 135, 137, and 139. (Doc. 143).

Having the read and considered the pleadings, and for the following reasons, the Court **GRANTS** Plaintiff's motion for extension of time (Doc. 125), **GRANTS** Defendants' motions for extension of time (Doc. 143), **DENIES as moot** Plaintiff's notice that Defendants failed to respond to discovery, motion for sanctions and/or to compel ("notice of failure")(Doc. 134), and **DENIES** Plaintiff's request for appointment of counsel (Doc. 134).

I.   PROCEDURAL BACKGROUND

On February 19, 2013, Plaintiff filed a motion for extension of time to file a motion to compel discovery for fourteen days beyond March 4, 2013, which was the date set forth in the discovery and scheduling order (Doc. 78). (Doc. 125). Without leave of the Court, on March 7, 2013, Plaintiff filed a notice of Defendants' failure to respond to discovery, motion for sanctions and/or motion to compel.[1] (Doc. 134). Again, without leave of the Court, Plaintiff filed another motion to compel discovery on March 13, 2013. (Doc. 135). Also on March 13, 2013, Plaintiff submitted a notice of Defendants' failure to respond to interrogatories. (Doc. 139). On March 18, 2013, Plaintiff filed a third motion to compel discovery. (Doc. 139).

On March 21, 2013, Defendants filed their opposition to Plaintiff's motion to compel and request for sanctions (Doc. 134). (Doc. 142). On March 25, 2013, Defendants' submitted a motion requesting an extension of time of sixty (60) days in which to respond to Plaintiff's motions to compel discovery as contained in Documents 135, 137, and 139. (Doc. 143).

II.   Discussion.

**A.  Plaintiff has shown diligence in complying with the discovery and scheduling order.**

Under Fed. R. Civ. P. 16(d), a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. A court may modify the original order on a party's demonstration of "good cause" if the deadlines set forth in the scheduling order cannot be met

---

[1] Plaintiff is advised that filing notices with the Court related to Defendants' conduct has <u>absolutely no effect and the Court takes no action on them</u>. The Court considers only properly filed motions. Plaintiff is **admonished** to stop filing frivolous documents such as notices related to Defendants' conduct. In future, all such "notices" will be disregarded.

"despite diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note, 1983 Amendment. To prove "diligence," the Court may require the moving party to prove:

> "(1) that [he] was diligent in assisting the Court in creating a workable [scheduling and discovery order] order; (2) that [his] noncompliance with [the scheduling and discovery order] occurred or will occur [] because of [] matters which could not have been reasonably foreseen or anticipated at the time of the…scheduling conference; and (3) that [he] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he] could not comply with the order."

Franklin v. Felker, 2:11-CV-2055 KJN P, 2012 WL 3234234 (E.D. Cal. 2012).

Here, the record indicates that Plaintiff was diligent in seeking to comply with discovery. Plaintiff states that several sets of discovery responses were due *prior* to the March 4, 2013, for discovery completion. (Doc. 125 at ¶ 3)(emphasis added). It is indicated that Plaintiff did not serve his discovery requests to Defendants in such a way that they would be due after the March 4 discovery deadline. Id. Plaintiff cites to the prison's delay in processing mail as the reason for his request for this extension and notes that the time of in which he receives his mail is beyond his control. (Doc. 125 at ¶ 4). Plaintiff indicates, for example, that on one occasion he did not receive discovery documents until seven days after they were mailed by the Defendants. Id. Given the nature of his incarceration, the Court finds that the timing in which Plaintiff receives his mail is beyond the control of Defendant and that the Plaintiff was diligent in seeking to comply with discovery.

In addition, Plaintiff was diligent in seeking to amend the scheduling and discovery order. Plaintiff filed his motion for extension of time on February 19, 2013. (Doc. 125). This was over ten days prior to the March 4, 2013 order. Thus, the Court **GRANTS** Plaintiff's motion for extension of time to file his motions to compel discovery for fourteen days beyond the March 4, 2013, discovery deadline. Therefore, the Court **WILL CONSIDER** Plaintiff's motions to compel discovery as contained in Documents 134, 135, 137, and 139, but the Court **WILL NOT CONSIDER <u>any further motions to compel discovery</u>**.

### B. Defendants are given sixty days in which to respond to Plaintiff's multiple motions to compel discovery.

Plaintiff filed a total of four motions to compel discovery between March 7, 2013, and March 18, 2013. *See* (Doc. 134, 135, 137, and 139). The Court notes that in these four motions, Plaintiff

3

recites a plethora of discovery violations to which Defendants must answer. *See generally*, Id. In addition, the Court notes that these motions to compel discovery were filed without awaiting the Court's order granting or denying his request for extension of time (Doc. 125).[2]

Defendants indicate in their motion that they seek an extension of sixty (60) days in which to respond to Plaintiff's untimely motions to compel and to respond to the additional discovery responses Plaintiff seeks. (Doc. 143).[3] Therefore, Defendants are **GRANTED 60 days** from the date of service of this Order to respond to discovery and to Plaintiff's motions to compel in regard to Documents 135, 137, and 139. (Doc. 143).

**C. Defendants have responded to set two of Plaintiff's request for production of documents and set two of Plaintiff's request for admission.**

Pursuant to the Court's scheduling and discovery order in this matter, each party is given forty-five (45) days in which to respond to discovery requests after discovery requests are served. (Doc. 78 at ¶ 2). When computing days under the Federal Rules of Civil Procedure, parties are

> " to exclude the day of the event that triggers the period, [] count every day, including intermediate Saturdays, Sundays, and legal holidays; and [] include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

Fed. R. Civ. P. 6(a)(1). Notably, Fed. R. Civ. P. 6(d) adds three days whenever service is accomplished by mail.

In his notice of failure, Plaintiff alleges that Defendants' failed to respond to set two of his requests for admission and set two of his request for production of documents because they failed to respond by March 1, 2013. (Doc. 34 at 1-2). He avers that he served these requests on January 9, 2013. Id. Defendants indicate they submitted their response to Plaintiff's requests for admission and request for production of documents on February 26, 2013. (Doc. 142 at 2).

Using the formula provided by Fed. R. Civ. P. 6(a) and (d), the Court finds that Defendants' response to set two of Plaintiff's requests for admission and set two of Plaintiff's request for

---

[2] Plaintiff is forewarned that in the future his failure to await the Court's leave to file documents outside of the time permitted may result in the automatic denial of his motion for failure to comply with Court order.
[3] While the parties are not required to certify to the Court that they sought to rectify their discovery differences prior to bringing their discovery differences to this Court, the Court encourages Plaintiff and Defendants to seek to resolve their discovery differences prior to the close of this sixty (60) day period.

production of documents were due on February 26, 2013 and were, in fact, served on this date. Therefore, the Court **DENIES** Plaintiff's notice that Defendants failed to respond to discovery, motion for sanctions and/or to compel (Doc. 134) **as moot.**

### D. Plaintiff has shown no exceptional circumstances in which the Court may appoint counsel for him.

Finally, the Court notes Plaintiff's **repeated** request for appointment of counsel. *See e.g.*, (Doc. 44, 134). As the Court noted previously – and which it continues to note – Plaintiff appears to believe that by continually calling for assistance of counsel he will elicit a different response from the Court. (Doc. 140). He will not. As no exceptional circumstances have been cited by Plaintiff that would permit the Court to appoint counsel (Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989)), Plaintiff's request for assistance of counsel is **again DENIED.**

### ORDER

Having read and considered the parties' motions, the Court **HEREBY ORDERS** as follows:

1. The Court **GRANTS** Plaintiff's motion for a fourteen (14) day extension of time to file a motion to compel discovery (Doc. 125) from the March 4, 2013 deadline. The Court **WILL CONSIDER** Plaintiff's motions to compel discovery as contained in Documents 134, 135, 137, and 139. The Court **WILL NOT** consider any further motions to compel discovery and **no further extensions of time** to file motions to compel discovery will be granted.

2. The Court **GRANTS** Defendants sixty days from the date of service of this Order in which to respond to Plaintiff's motions to compel discovery as contained in Documents 135, 137, and 139. (Doc. 143). The Court will rule on **all** of Plaintiff's outstanding motions to compel discovery as contained in documents 135, 137, and 139.

3. The Court **DENIES** Plaintiff's notice that Defendants failed to respond to discovery, motion for sanctions and/or to compel (Doc. 134) **as moot**.

///
///
///
///

4.  The Court **<u>again</u> DENIES** Plaintiff's request for appointment of counsel (Doc. 134).

IT IS SO ORDERED.

Dated:   **March 26, 2013**                    **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE