UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>FLOREZ, et. al,<br><br>    Defendants. | Case No.: 1:08-cv-01975  LJO JLT (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF EXPERT<br><br>(Doc. 151) |

## I.   Background

Plaintiff, Andrew Lopez, is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court is Plaintiff s motion for appointment of an expert witness pursuant to Federal Rule of Evidence 706. (Doc. 151).  Also pending is Plaintiff's motion for summary judgment (Doc. 127) filed on February 22, 2013, and Defendants' motion for summary judgment filed on April 4, 2013 (Doc. 148).  Notably, Defendants' motion is supported by a declaration from a medical doctor.  (Doc. 148-4)

In his current motion, Plaintiff requests appointment of a licensed vocational nurse to testify regarding the applicable standard of care.  (Doc. 151 at 1)  He also seeks appointment of an unspecified expert to testify related to the severity of the pain a person would suffer by being denied pain medication after surgery for a deviated septum and appointment of another, unspecified expert to testify as to the psychological effects of suffering pain for the approximately 20 hours he was deprived

1

of pain medication.[1] (Doc. 151 at 3) Plaintiff asks the court to appoint a medical expert on his behalf for trial purposes or, alternatively, to appoint a neutral medical expert.

## II.  Analysis

Under 28 U.S.C. § 1915, federal courts may permit an indigent party to file suit without prepaying fees and costs. That statute does not authorize courts to subsidize expert fees, however. Hadsell v. IRS, 107 F.3d 750, 752 (9th Cir. 1997) (relying on Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam)). Though the Court cannot pay for the experts plaintiff seeks, Federal Rule of Evidence 706 authorizes the Court to appoint an expert witness and apportion the fee among the parties. Where, as here, one party is indigent, the Court has discretion to apportion the entire fee to the other side. McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir. 1991), vacated and remanded on other grounds by Helling v. McKinney, 502 U.S. 903 (1991). Rule 706 allows only for the appointment of a neutral expert. It does not provide for the appointment of an expert on plaintiff's behalf. Gorton v. Todd, 793 F. Supp. 2d 1171, 1177-78 (E.D. Cal. 2011). Accordingly, that alternative request is **DENIED**.

Where a party has filed a motion for appointment of a neutral expert under Rule 706, the court must provide a reasoned explanation of its ruling on the motion. Gordon, at 1178. Several factors guide the Court's decision. First, and most importantly, the Court must consider whether the opinion of a neutral expert will promote accurate factfinding. Id. at 1179. Additionally, the Court may consider the ability of the indigent party to obtain an expert and the significance of the rights at stake in the case. Id. at 1182-84.

In this case, the Court has concluded that a neutral medical expert is not essential for an accurate determination of the issues raised by Defendants' motion for summary judgment. Plaintiff's legal claims are premised on two primary factual assertions: (1) that defendants failed to provide him pain medication after he underwent surgery for a deviated septum and (2) that defendants delayed his treatment by refusing to allow him to see a doctor or registered nurse. Plaintiff acknowledges he is

---

[1] Plaintiff, seemingly, also seeks appointment of an expert regarding the "Green Wall" or the "Code of Silence." (Doc. 151 at 3) However, despite Plaintiff's complaints that medical professionals in his experience will lie and cover-up for other medical professionals, there is no indication that anything like this has occurred in this case.

able to testify as to the amount of pain he suffered and the psychological effects he suffered as a result. (Doc. 151 at 2) However, he asserts that only an expert can properly quantify the pain and impacts Plaintiff suffered as a result. Id. Notably, it is common knowledge that pain tolerances vary from person-to-person so the Court has difficulty accepting that such an expert could contribute anything meaningful toward the resolution of the question of damages. At issue is not how much pain people suffer from this type of surgery, generally, but, instead, how much pain Plaintiff suffered. In any event, the Court is unconvinced that an expert is needed at this time.[2]

First, in their motion for summary judgment, Defendants do not dispute—or even address— that by 5:00 p.m., Plaintiff was suffering sufficient pain such that he requested the prescribed pain medication. In fact, Dr. Barnett admits that the surgical anesthesia would have "been wearing off around 5:00 p.m." (Doc. 148-4 at 6) Likewise, Barnett opines that "Administration of Vicodin to Lopez at 8:00 p.m. on September 13, 2007, might have been reasonable and possibly preferred to having the first dose administered on the next day." Id. at 6.

Second, Defendants' motion does not address whether Plaintiff suffered psychological impacts as a result of the denial of pain medication. Indeed, this question is not pertinent to either motion.[3] Thus, an expert opinion on these topics will not assist the Court in determining the motions for summary judgment.

On the other hand, Defendants' motion asserts that LVNs are not permitted to prescribe medication. (Doc. 148-3 at 4, n. 1) Indeed, Plaintiff admits this is true. (Doc. 127 at 3, 5-6) More important, an expert opinion is not needed on this topic because the thrust of Plaintiff's case is not that Defendants should have, themselves, prescribed the medication but, instead, that they should have provided the medication that *was* prescribed or directed Plaintiff's concerns to someone who could assist.

///

///

---

[2] Plaintiff may renew his motion, if appropriate, after the determination of the competing motions for summary judgment.
[3] Moreover, it is unclear whether Plaintiff ever sought or was provided psychological care for the mental injuries he claims and, if not, why not.


**ORDER**

Therefore, for the reasons set forth above, the Court does not find that appointment of a neutral expert is appropriate at this time and Plaintiff's motion for appointment of an expert (Doc. 151) is **DENIED without prejudice**.

IT IS SO ORDERED.

Dated:  **April 12, 2013**                           **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE