# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>FLOREZ, et al.<br><br>    Defendants. | Case No.: 1:08-cv-01975- LJO - JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S NOTICE OF TARDY RECEIPT OF SUBPOENA DUE TO DEFENDANT'S MAILING PROCESS (CONSTRUED BY THE COURT AS A MOTION TO QUASH THE SUBPOENA) AND PETITION FOR WRIT OF HABEUS CORPUS AD-TESTIFICANDUM<br><br>(Doc. 145) |

    Before the Court is Plaintiff's "notice of tardy receipt of subpoena due to Defendant's mailing process."[1] (Doc. 145). It appears in filing this notice, Plaintiff seeks to be present when the documents are produced and, therefore, seeks an order for a writ of habeas corpus ad testificandum. (Doc. 145).

    Fed. R. Civ. P. 45 permits a party to command the production of documents from a third party where an undue burden or expense is not imposed. Subsection (c)(2)(A) specifically provides that a party "need not appear in person at the place of production or inspection unless commanded to appear for a deposition, hearing, or trial." Fed. R. Civ. P. 45(c)(2)(A).

    Here, Plaintiff waived any objection to the production of his medical records by initiating the present matter in which he placed his medical condition at issue. Thus, Plaintiff has no basis upon

---

[1] The Court has **continually admonished** Plaintiff to cease filing frivolous discovery motions.

1

which to object to the production of his medical records and shows no actual injury by the lengthy processing of his mail. In any event, Plaintiff is not the producing party and has no burden in the production of these documents.

Additionally, it is noted that the document attached to Plaintiff's motion is a Fed.R.Civ.P. 45 subpoena for production of documents. (Doc. 145 at 4). The subpoena indicates only that the requested documents are to be produced by a certain time and date and submitted to the third-party copying service.[2] Id. Plaintiff's presence was not required on March 28, 2013.[3] Thus, the motion for a writ of habeus corpus ad testificandum is DENIED.

**ORDER**

For the foregoing reasons, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:   **April 16, 2013**            /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that it is customary for parties to litigation to utilize third party copying services for the purposes of reducing the costs of litigation and improving the efficiency of the parties' workload. Plaintiff demonstrates no prejudice in the use of a third party copying service. The Court **OVERRULES** Plaintiff's objection to the use of the third party copying service.

[3] Nevertheless, the Court reminds counsel to take steps to ensure the confidentiality of information contained on the medical documents, including Plaintiff's social security number.