UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FLOREZ, et al.<br><br>　　　　Defendants. | ) Case No.: 1:08-cv-01975- LJO - JLT (PC)<br>)<br>) ORDER DENYING PLAINTIFF'S REQUEST FOR<br>) ORDER SANCTIONING DEFENDANTS' FOR<br>) FAILING TO COMPLY WITH COURT ORDER<br>) COMPELLING DISCOVERY<br>)<br>) (Doc. 158)<br>)<br>) |

　　　　Plaintiff Andrew R. Lopez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983.  On March 19, 2013, the Court granted in part Plaintiff's motion to compel request for production number 3. (Doc 140 at 12 ¶ 4). The Court required Defendants to produce documents from their personnel files that contained "information that bears on complaints, discipline or the like, related to Defendants' denial of medical care to inmates" within 21 days of the date of service of the Order. Id.  Plaintiff reports that as of April 14, 2013, he had not received the documents and requests that the Court sanction Defendants. (Doc. 158 at 1).

　　　　Fed. R. Civ. P. 37(b)(2) permits a court in which an action is pending to sanction a party where that party fails to obey an order to provide discovery.  In such a case, the court may strike pleadings, stay the proceedings or enter a default judgment against the noncompliant party. Fed. R. Civ. P.

1

37(b)(2)(A). Any sanctions levied pursuant to Fed. R. Civ. P. 37(b)(2) must be just. Fjelstad v. Am. Honda Motor Co., Inc., 762 F.2d 1334, 1340 (9th Cir. 1985)(internal citations and quotations omitted). A court must find willfulness, bad faith or fault on the party of the noncompliant party to impose such as severe sanction as default. Id.

Plaintiff petitions the Court to enter sanctions, including a default judgment, against Defendants for their untimely service of documents responsive to request for production number 3. (Doc. 158) *referring to* (Doc. 116 at 54). In response, Defendants correctly aver that they were required to respond to the Court order, on or before April 9, 2013.[1] (Doc. 160 at 2). Defendants served their documents to Plaintiff on April 9, 2013. (Doc. 160, Exs. A and B). Thus, Plaintiff's motion to compel is moot.

In addition, Plaintiff has previously complained that his mail arrived three weeks late from the date of mailing. (Doc. 145 at 1). This was due to prison officials' – not Defendants' – mail processing procedures. Id.[2] Given the Defendants' timely response to the Court order and a delay in mail processing beyond Defendants' control, the Court finds no willfulness, bad faith or fault on Defendants' part that would warrant the imposition of discovery sanctions.

Accordingly, Plaintiff's motion for order sanction defendants for failure to comply with order compelling further discovery is **DENIED** as **moot.**

IT IS SO ORDERED.

Dated:   **April 25, 2013**              **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] Fed. R. Civ. P. 6(a)(1) governs the period for computing a period stated in days. In computing days, the date triggering the event is to be excluded and every Saturday, Sunday, and legal holiday is to be counted. Fed. R. Civ. P 6(a)(1)(A) and (B). Thus, 21 days from March 19, 2013, the date of the Court's Order, is April 9, 2013.

[2] Given the delay in mail processing that is beyond Defendants' control, Plaintiff is **urged** to wait more than four days beyond the Defendants' deadline for complying with a Court order before filing a motion to compel or otherwise bringing it to the attention of the Court.