UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>FLOREZ, et al.<br><br>    Defendants. | Case No.: 1:08-cv-01975 – LJO - JLT (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT HIS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (Doc. 169)<br><br>ORDER DENYING MOTION DISCOVERY RELATED TO TRIAL WITNESSES AND FOR ASSISTANCE OF COUNSEL (Doc. 170)<br><br>ORDER DENYING THE MOTION FOR SERVICE OF THE SUMMONS AND COMPLAINT ON "L. MARTIN" (Doc. 175) |

Plaintiff Andrew R. Lopez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1).

Before the Court are several motions filed by Plaintiff on May 8, 2013. (Docs. 169, 170 and 175) For the following reasons, the motion to supplement Plaintiff's opposition to the motion for summary judgment is **GRANTED.** The motion for further discovery related to trial witnesses and appointment of counsel and the motion for service of summons and complaint on L. Martin are **DENIED**.

///

///

1

### A. The motion to supplement is granted.

On April 26, 2013, Plaintiff filed a 229-page opposition to Defendants' motion for summary judgment (Doc. 164) only one day after requesting a 90-day extension of time to file his opposition. (Doc. 163). Plaintiff now seeks to supplement his opposition with another 62-page pleading. (Doc. 169).

Plaintiff explains that he did not receive Defendants' motion for summary judgment until two weeks after it was mailed. Id. at 1. Upon receipt, Plaintiff worked from "5:30 a.m. until 8:00 p.m. every day [on his opposition], and mailed what [he] was able to complete on April 24, 2013." Id. Plaintiff apparently required more time to file his entire opposition. Id. Plaintiff erroneously feared that the Court would "disregard the 'Prison Mailbox Rule' and deny everything, [a]s [he] already [has] a plethora of issues to appeal." Id. at 2.

While a 291-page opposition to motion for summary judgment is excessive, the two-week delay in Plaintiff's receipt of Defendants' motion for summary judgment provides good cause for accepting Plaintiff's supplemental opposition. Defendants have not yet replied to Plaintiff's opposition and will not be prejudiced by the filing of the supplemental opposition. Thus, Plaintiffs Motion to Supplement (Doc. 169) is **GRANTED.** Given the length of the document, Defendants may file a reply to Plaintiff's opposition no later than **May 28, 2013**. (Docs. 164 and 169).

### B. The motion for discovery is denied.

Plaintiff's "motion for orders necessary for the development of trial witnesses," despite how it is titled, seeks the ability to continue discovery efforts.[1] Therefore, the Court construes it as a motion for further discovery.

Notably, discovery closed in this matter on March 4, 2013. (Doc. 78 at 1). The Court's March 26, 2013, order unequivocally advised Plaintiff that the Court "**WILL NOT CONSIDER any further motions to compel discovery**" beyond Documents 135, 137, and 139.[2] (Doc. 144 at 3) (emphasis in original). In the same order, Plaintiff was advised that he must show "good cause" and "diligence" in

---

[1] The Court rejects Plaintiff's implicit argument that there are efforts made in discovery that are unrelated to preparation for trial and that only these non-trial discovery efforts must be completed during the period ordered by the Court.

[2] The Court may consider Plaintiff's recently-filed motion for sanctions (Doc. 171) in due time, only because it addresses compliance with an already existing Court order.

compliance with Fed. R. Civ. P. 16(d) when seeking to modify the Scheduling Order, (Doc. 78). *See* (Doc. 144). Plaintiff fails to demonstrate either.

The "motion for discovery is filed over two months after the close of discovery and is untimely. Plaintiff seeks to obtain the un-redacted names of other inmates who possessed similar complaints against Defendants. (Doc 170). Plaintiff requests that the Court, among other things, conduct an *in camera* review of the documents and contact the witnesses for Plaintiff. Id.

The seeming suggestion that the Court has the resources to manage Plaintiff's discovery efforts is without factual support and involving the Court in a party's discovery efforts, is beyond the scope of the federal discovery rules. *See* Fed. R. Civ. P. 26 – 37. Furthermore, even if Plaintiff knew who these other complaining-inmates were, the Court cannot require prison officials to allow Plaintiff to correspond with these inmates let alone have confidential communications with them. The Court lacks the authority to do so. Jones v. U.S. Marshals Serv., 2009 WL 532604, at * 3 (E.D. Cal. 2009) (Federal court had no jurisdiction to compel the actions of state officials who were not a party to the action).

Moreover, Plaintiff has failed to make any showing whatsoever that these witnesses could contribute any meaningful information regarding the issues raised in this case. The fact that defendants may have failed to provide medication to another inmate on another date does not demonstrate that they failed to provide medication to Plaintiff in violation of the Eighth Amendment. At most, the evidence demonstrates evidence of bad character which, generally, is not admissible. F.R.E. 404(a) ["Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."]; F.R.E. 404(b)(1) ["Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.'] Even if the documents Plaintiff has in his possession are admitted at trial—and the Court finds this proposition dubious—there is no showing that live testimony related to these complaints would not be collateral to the central issues and would violate F.R.E. 403.

Finally, the Court has admonished Plaintiff it will not consider any further discovery motions; any further motions will be stricken. Also, should Plaintiff continue to willfully ignore the Court's

1 orders, the Court may recommend dismissal of this matter for failure to comply with Court order. *See*
2 Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992) (Dismissal for failure to comply with court order
3 was appropriate where the district court provided a *pro se* litigant given multiple opportunities to
4 comply with the court order, but litigant failed to do so).

### C. The motion for assistance of counsel is denied.

Plaintiff's most recent request for counsel (Doc 170), is without merit. Plaintiff has been advised repeatedly he does not have a constitutional right to counsel in this matter. *See e.g.,* (Docs. 21, 44, 55, 87, 100, 106, 110, and 144). The fact that Plaintiff has sufficiently met deadlines, sought extensions of deadlines when necessary and now presents the Court with a 291-page opposition to a motion for summary judgment demonstrates, that Plaintiff is capable of adequately representing himself. Again, he is advised absent a sufficient showing, the Court will not appoint counsel in this case. Thus, Plaintiff's motion for assistance of counsel is **DENIED**.

### D. The motion to serve summons and complaint on L. Martin is denied.

Here, Plaintiff requests the Court direct service of the summons and complaint upon L. Martin, whom he described as "a.k.a. Veronica." (Doc. 175). Plaintiff provides a document which has a signature on it of a person who saw Plaintiff when he returned to the facility after his surgery on September 27, 2007.[3] Clearly, Plaintiff is not convinced the person making this note is the person he has described as "Veronica," given his assertion that, while the USMS is serving L. Martin with summons and complaint, they "can ask L. Martin if that is her handwriting and signature – If not, whether she knows whose it is."[4] (Doc. 175 at 2).

On the other hand, the document at issue demonstrates actions that are very different than Plaintiff alleged were undertaken by Veronica. In his First Amended Complaint, Plaintiff alleged Veronica was aware Plaintiff was in "severe" pain due to the anesthesia wearing off but she refused to provide him the pain medication ordered by the surgeon. (Doc. 23 at 18-19) In the document now provided by Plaintiff, the person signing this record indicates pain is at "2/10 [but] will [increase]

---

[3] This is the same document Plaintiff provided on August 22, 2012 as evidence the person who examined him was "Veronica." (Doc. 65 at 3, 5)
[4] Despite Plaintiff's belief the USMS is available to him to conduct this discovery inquiry on his behalf, he is mistaken.

4

when numbing meds wear off / Faxed all orders to pharmacy." (Doc. 170 at 3) The RN asserted that Plaintiff needed follow-up, as indicated by the abbreviation "F/U" and indicates "pain meds to be used <u>before</u> pain gets severe . . ." <u>Id</u>. Thus, this nurse documents Plaintiff's pain was not yet severe but she expressed concern that his pain not be allowed to become severe. <u>Id</u>. Likewise, she documents that she faxed the prescription to the pharmacy which supports an inference that this person did not have the prescription medication ordered by the surgeon available except through the pharmacy. <u>Id</u>.

Moreover, despite Plaintiff's claim that this signature may be "L. Martin" because he was treated by a person some time later with this name, examination of the signature on this document, does not reveal that it reads, "Martin."[5] (Doc. 170 at 3) Instead, it is undisputed the last two letters are "RN" referring to the person's job as a Registered Nurse. <u>Id</u>.; Doc. 65 at 3. Clearly, even Plaintiff does not think the remaining letters form the word, "Martin" given his request that the USMS inquire on this topic when the person is served.

Importantly, Plaintiff has admitted to the Court he <u>does not know</u> that this note was, in fact, executed by the person whom he identifies as "Veronica." (Doc. 65 at 3) In a motion filed on August 22, 2012, Plaintiff attested under penalty of perjury,

> In further support of my attempts to locate, identify, and serve defendant 'Veronica', I provide a Nursing Care Record dated September 27, 2007 at 1552 hours that is signed by a Registered Nurse that **may or may not be defendant 'Veronica'** but which identification of the signator may prove to be 'Veronica'.

The fact that Plaintiff was later treated by a person named "L. Martin" is insufficient to demonstrate a good faith believe L. Martin acted unconstitutionally toward him on September 27, 2007 and naming her as a defendant now, without more would be a clear violation of Fed. R. Civ. P. 11.

Furthermore, Defendant Veronica was dismissed on September 11, 2011. (Doc. 70) Thus, to add a new defendant to this case, Plaintiff must seek leave to amend his complaint, as instructed by the Court in its August 24, 2012 order. (Doc. 66 at 2-3, n. 3) However, as noted above, it does not appear that such a motion could be brought at this time because Plaintiff lacks a good faith belief that L.

---

[5] The document which contains the name "L. Martin" shows markedly different handwriting than the one currently proffered. Compare Doc. 164 at 83 and Doc. 175 at 3.

Martin is a proper defendant. Thus, for all of the reasons set forth above, the motion for service, (Doc. 175), is **DENIED**.

**ORDER**

Accordingly, and for the foregoing reasons, it is **HEREBY ORDERED** that:

1. The motion to supplement Plaintiff's opposition to the motion for summary judgment (Doc. 169) is **GRANTED.** Defendants **SHALL** file their response to Plaintiff's opposition to Defendants' motion for summary judgment (Docs. 164 and 169) no later than **May 28, 2013**

2. The motion for discovery related to trial witnesses and for assistance of counsel (Doc. 170) is **DENIED;**

3. The motion for service of summons and complaint to L. Martin (Doc. 175) is **DENIED.**

IT IS SO ORDERED.

Dated:   **May 10, 2013**                              **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE