UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ,<br><br>                Plaintiff,<br><br>        v.<br><br>FLORES, et al.,<br><br>                Defendants. | Case No.: 1:08-cv-01975 – LJO - JLT (PC)<br><br>ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S SECOND AND THIRD MOTIONS TO COMPEL<br>(Docs. 135 and 139)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br>(Doc. 171) |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court are: (1) Plaintiff's second motion to compel discovery, (Doc. 135); (2) Plaintiff's third motion to compel discovery (Doc. 139); and (3) Plaintiff's request for sanctions against Defendants for their failure to comply with a Court order to supplement (Doc. 171).  For the following reasons, Plaintiffs' second motion and third motion to compel are **DENIED**.  The request for sanctions, (Doc. 171), is **DENIED**.

**I.  Second and Third Motions to Compel. (Docs. 135 and 139).**

      **A. Interrogatory Sets Four and Five. (Doc. 139).**

Fed. R. Civ. P. 33(b) governs a party's responses to written interrogatories.  A responding party must answer each interrogatory "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).  If a responding party objects to an interrogatory, the responding party must state his or her

1

objection with specificity. Fed. R. Civ. P. 33(b)(4).  The responding party bears the burden of justifying his or her objections to written interrogatories when a requesting party files a motion to compel. Beckner v. El Cajon Police Dept., 2008 WL 2033708 * 3 (S.D.Cal. 2008). A requesting party will not be entitled to a motion to compel a response to an interrogatory simply because the requesting party received an answer that was unanticipated. *See* Brew v. Johnson, 2008 WL 686433 *2-14 (E.D.Cal. 2008).

1. Fed. R. Civ. P. 33(a).

Fed. R. Civ. P. 33(a) limits the number of interrogatories a party may serve to 25, unless the parties agree or the Court permits service of additional interrogatories. Fed. R. Civ. P. 33(a).  This limit also includes "all discrete subparts" contained in an interrogatory. Id.  "A single question asking for several bits of information relating to the *same topic* counts as one interrogatory." Singleton v. Hedgepath, Case Number 1:08-CV-00095-AWI, 2011 WL 1806515, at *7 (E.D. Cal. May 10, 2011) (E.g., "State the name, address and telephone number of each person present at the meeting.") (emphasis and quotations in original); *see also* Superior Commc'n v. Earhugger, Inc., 257 F.R.D. 215, 217-218 (C.D.Cal. 2009) ("Interrogatory subparts are to be counted as one interrogatory [] if they are logically or factually subsumed within and necessarily related to the primary question.") Questions which address separate subjects count as numerous interrogatories. Singleton, 2011 WL at 7 ("E.g., "Were you ever discharged from any employment for incompetency or did you ever sue a former employer for any reason?"). Similarly, a demand for information about a certain event combined with a request for documentation constitutes two separate interrogatories. *See* Superior Commc'n, 257 F.R.D. at 218.

In Collaboration Properties, Inc. v. Polycom, Inc., 224 F.R.D. 473, 475 (N.D. Cal. 2004), the plaintiff sought to compel responses to interrogatories.  At issue in the litigation, was each of the defendant's 26 products. Id. at 474-475. Rather than asking discrete questions about each product, the plaintiff asked general questions but required an answer as to each of the defendant's 26 products. Id. The defendant refused to answer the interrogatories because, it contended, the plaintiff had exceeded the maximum number of interrogatories that were allowed. Id.  The court denied the motion to compel responses to the interrogatories and found that each "question" constituted 26

2

questions/subparts because a complete response required the defendant to provide information about 26 discrete issues. Id. See also, Hasan v. Johnson, 2012 WL 569370 at *4 (E.D. Cal. Feb. 21, 2012); Singleton v. Hedgepath, 2011 WL 1806515 at *7 (E.D. Cal. May 10, 2011)

Plaintiff seeks to compel production of interrogatory Sets 4 and 5. (Doc. 139 at 3-5). Defendants object to interrogatory Sets 4 and 5, and argue that interrogatory Sets 1, 2, and 3, exceeded 25 interrogatories in the aggregate. (Doc. 179 at 2-4). Thus, in order to address Plaintiff's motion to compel as to interrogatories Sets 4 and 5, the Court must first determine whether interrogatory Sets 1, 2, and 3 exceed the number of requests permitted by Fed. R. Civ. P. 33(a).

> i. Plaintiff has directed 17 interrogatories toward Defendant Flores and 18 interrogatories toward Defendant Reed in his interrogatory Sets 1-3.

In support of their positions, Defendants complain that interrogatory Set 1 – number 1 and interrogatory Set 2 – numbers 1 and 2 contain discrete subparts. (Doc. 179 at 2-4). Set 1 - number 1 and Set 2-number 1 request that Defendants identify all facts on which they base their answer or affirmative defenses. (Doc. 179, Ex. A at 1, Ex. B at 1). Notably, Defendants asserted five affirmative defenses. Thus, as in Collaboration, each "question" sought information concerning distinct subjects and, therefore, constituted five discrete questions. Collaboration, 224 F.R.D. at 475. Thus, question number 1 of the first and second set of interrogatories each propounded five discrete questions.

Likewise, question number 2 of set two of interrogatories propounded required Defendants to identify all communications known to them *and* identify all documents created on September 13-14, 2007. (Doc. 179, Ex. B at 2). This interrogatory requires Defendants to engage in two separate inquires. First, Defendants must identify any communications that took place. Second, Defendants must identify any documents created. Thus, interrogatory Set 2 - number 2 constitutes two discrete parts.

Coupled with the sole question in Set 3, Plaintiff exhausted the allowable number of interrogatories before he propounded Sets 4 and 5. Fed. R. Civ. P. 33(a). Because Plaintiff did not seek leave to propound more than 25 interrogatories, he is not entitled to responses for sets 4 and 5 and the motion to compel responses thereto is **DENIED**.

///

**B. Request for production of documents Sets 2 and 3. (Docs. 135 and 139).**

Fed. R. Civ. P. 34(a)(1) permits a party to seek production of documents. The obligation imposed by Fed. R. Civ. P. 34(a)(1) extends only to those designated and non-privileged documents, tangible things, or electronically stored information which are within the responding party's "possession, custody or control." A responding party may be required to produce a document that is not in its possession if the responding party has a "legal right to obtain the document." Bryant v. Armstrong, 285 F.R.D. 596, 603 (S.D. Cal. 2012)(internal citation omitted). A responding party has an affirmative duty to reasonably seek information requested under Rule 34(a) from its agents or others under its control. Hill v. Eddie Bauer, 242 F.R.D. 556, 560 (C.D. Cal. 2007). The Court may require more than a simple answer where a responding party contends that documents are not in its possession, custody or control. Bryant, at 603. However, the burden of proving that a document is in the possession, custody or control of a responding party rests on the requesting party. *See* Clinton, at 645.

In responding to requests for production of documents, a defendant must produce documents which are in his "possession, custody or control." Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 620 (N.D.Cal. 1995). Such documents also include documents under the control of the party's attorney. Meeks v. Parson, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D.Cal. September 18, 2009) (involving a subpoena to the CDCR); Axler v. Scientific Ecology Group, Inc., 196 F.R.D. 210, 212 (D.Mass. 2000) (A "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control."); Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ill. 1992).

At present, Plaintiff raises objections to Defendants' response to Sets 2 and 3 of his requests for production of documents. (Docs. 135 and 139). In essence, Plaintiff argues that certain documents were not provided to him that should be within Defendants' custody or control and Defendants aver that they have produced all relevant documents within their possession. *See generally*, Id. Each argument is addressed below.

**1.      Request for production of documents set 2. (Doc. 135).**

a.      Request for production numbers 1, 2, 3, 4, and 5.

In request for production Set 2 - numbers 1, 2, 3, 4, and 5, Plaintiff seeks copies of certain medical protocols in effect as of September 2007 and CSP-Corcoran pharmacy and housing logs from September 13-14, 2007. (Doc. 135 at 6-9).  Plaintiff also requested documents generated after September of 2007 that advised CSP-Corcoran healthcare staff not to accept inmate grievances. Id. at 10.  Plaintiff requests the Court sanction Defendants for their responses. Id. at 6-9.

Despite their own objections, Defendants have responded to request for production numbers 1, 2, 3, 4, and 5. (Doc 177 at 2).  In regard to numbers 1 and 2, Defendants provided Plaintiff with the only version of the requested protocols that could be located. (Doc. 135 at 7).  In regard to numbers 3 and 4, Defendants indicate that no responsive documents could be found. (Doc. 135 at 8-9).  Finally, Defendants provided a copy of the state code regulating administrative grievances in response to number 5. Id. at 10.

In any event, Plaintiff argues that healthcare protocols have been "formatted *on computer* since before 2007, and, therefore, are retrievable." (Doc. 135 at 6) (emphasis in original).  Similarly, he concludes that the California Attorney General's Office *should* have access to all records. Id. at 10 (emphasis added).  Despite his speculative arguments, Plaintiff makes no factual showing that the documents exist or are actually within Defendants' control or control.  Therefore, Plaintiff's motion to compel as to request for production set 2 - numbers 1, 2, 3, 4, and 5, is **DENIED.**[1]

b.      Request for production number 6.

In regard to request for production number 6, Plaintiff seeks the documents from "January 2007 to [the] present that display Defendants' [sic] wealth," as Defendants' personal assets are relevant to the issue of damages. (Doc. 135 at 11).  Rule 26(b) permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P.

---

[1] In addition to the specific requests for production noted herein, Plaintiff also objects to Defendants' boilerplate objections to his instructions. (Doc. 135 at 4-5).  Defendants object to the instructions on the grounds that Plaintiff cannot alter the requirements of Fed. R. Civ. P. 37. Id. at 42.  As the Defendants are indeed bound by Fed. R. Civ. P. 37 and the inherent nature of the instructions portion of his requests for production merited no response from Defendants, Plaintiff's objections are **OVERRULED.**

5

26(b). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P 26(b); Del Campo v. Am. Corrective Counseling Servs., Inc., C 01-21151 JW (PVT), 2009 WL 3458298 (N.D. Cal. Oct. 23, 2009). Nonetheless, a party may assert a right to privacy in responding to federal discovery requests. Del Campo, 2009 WL at * 2. However, the right to privacy does not serve as an absolute bar and court must "balance the need for the information against the claimed privacy right. Id.

Plaintiff has brought Eighth Amendment claims against Defendants for their failure to provide adequate medical care for which he seeks compensatory and punitive damages. (Doc. 23). Plaintiff sues Defendants in their personal capacities. Id. at 10. As such, any damages awarded in this matter "can be executed only against the [Defendants'] personal assets." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985). Thus, the Court finds Plaintiff's request concerning Plaintiff's personal assets highly relevant to the present matter.

In balancing the Defendants' privacy with Plaintiff's need for the information, the Court notes that Defendants object to production of information pertaining to their personal assets because it invades their right to privacy without more. (Doc. 177 at 3). Defendants provide no legal authority or factual support for their position. Nonetheless, Defendants are correct in their assertion, not because Plaintiff is not entitled to *some* of the information requested, but because the scope of the inquiry is overly broad and, therefore, violates Defendants' right to privacy. Thus, Defendants' objection is **SUSTAINED.** Therefore, Plaintiff's request to compel production of request for production set 2 - number 6 is **DENIED.**

c. Request for production number 7 and 9.

In regard to request for production Set 2 - number 7, Plaintiff seeks documents relating to Defendants' efforts to contact a pharmacist or physician on Plaintiff's behalf. (Doc. 135 at 11-12). Noting that Defendants referred Plaintiff to a document previously produced, Plaintiff argues that this in insufficient because the document was not drafted by Defendants. Id. at 12. It appears that Defendants provided a response to the question as propounded by Plaintiff. Number 7 requests documents "relating to" their contact with a pharmacist and does not specifically seek documents that were "drafted" by Defendants. Thus, Plaintiff's claim is without merit.

6

Similarly, in request for production Set 2 - number 9, Plaintiff requests all transportation documents that CSP-Corcoran officials provided to CSP-Corcoran on September 13, 2007, following Plaintiff's surgery. (Doc. 135 at 12). Defendants did not address this question in their response to the motion to compel. (Doc. 177). In any event, Defendants originally responded to the request by noting that:

> "following a diligent search, Defendants have been unable to locate any responsive pleadings…[but]…Plaintiff has been provided with copies of all documents from his medical file."

(Doc. 135 at 13). Plaintiff believes this response unsatisfactory because he was informed in December of 2012 by a CSP-Corcoran official that his "transportation envelope" would "not necessarily" be contained in his medical file and may be "elsewhere." (Doc. 135 at 13). Plaintiff's claim is speculative, at best, as to where the "transportation envelope" might be located and is insufficient to demonstrate that Defendants are actually in possession or control of these documents. Thus, Plaintiff's motion to compel discovery (Doc. 135) as to request for production of documents Set 2 - numbers 7 and 9 are **DENIED.**

### 2. Request for production of documents set 3. (Doc. 139).

#### i. Request for production set 3 – letter A

In request for production – letter A, Plaintiff seeks Defendants' "positional history from May 2007" to the present. (Doc. 139 at 5). Defendants contend that Plaintiff previously requested this information in request for production Set 1 - number 3, when he requested all documents from Defendants' CDCR personnel file from January 2005 to the present, including assignment to job positions. (Doc. 179 at 4). Defendants correctly aver that this request encompasses Defendants' positional history. Id. Although Plaintiff hopes to ascertain the names of other "inmate victims"[2] through this request, his request is duplicative. Given that Defendants have shown their burden of demonstrating why discovery should not be allowed, (U.S. E.E.O.C. v. ABM Indus. Inc., Case Number 1:07-CV-01428-LJO-TAG, 2008 WL 5385618, at *2 (E.D. Cal. Dec. 23, 2008)), Plaintiff's

---

[2] The Court previously determined in its March 19, 2013, order that Plaintiff was not entitled to ascertain the names of other persons named within Defendants' personnel files. (Doc. 140 at 12-13). To the extent Plaintiff now seeks to ascertain the names of other inmates who may have fallen "victim" to Defendants through his present motion to compel, his request is **DENIED.**

motion to compel request for production Set 3 - letter A is **DENIED.**

      ii.  <u>Request for production Set 3 – letters C and D</u>

  Plaintiff's request for production Set 3 – letters C and D request documents that support Defendants' response to Plaintiff's interrogatory Sets 3 and 4. (Doc. 139 at 7). Defendants were seemingly confused by Plaintiffs' initial request for production Set 3 – letter C, but note in their response to the motion to compel that Plaintiff's motion to compel clarified their understanding of this request. (Doc. 179 at 5). Defendants indicate that "they did not rely on any documents in drafting their response [to letter C]…[but rather] relied on their knowledge." <u>Id</u>. Thus, the Court cannot require Defendants to produce any documents. Therefore, the motion to compel as to request for production Set 3 – letters C is **DENIED**.

  In regard to request for production Set 3 – letter D, it appears that Plaintiff requested documents pertaining to Plaintiff's interrogatory Set 4 – number 17 as to Defendant Flores and number 18 as to Defendant Reed. (Doc. 139 at 7; Doc. 179 at 5-6). As noted above, Defendants objected to interrogatory Set 4 on the grounds that these requests exceeded the number allotted by Fed. R. Civ. P. 33. <u>Id</u>. Therefore, for the reasons set forth above, Plaintiff's motion to compel request for production Set 3 – letter D is **DENIED**.

      iii.  <u>Request for production set 3 – letters E and F</u>.

  Plaintiff requests communications and documents from September of 2007 that relate to Plaintiff in his request for production set 3 – letters E and F. (Doc. 139 at 8-9). In regard to letter E, Defendant Flores indicates all documents responsive to this question were previously provided. (Doc. 139 at 8; Doc. 179 at 6). Defendant Reed indicates that "after reasonable inquiry no documents could be found." <u>Id</u>. With regard to letter F, Defendants indicate that no responsive documents could be located after a "reasonable inquiry." Plaintiff concludes that the prison's litigation coordinator is a "pathological liar" with regard to the location of documents, but he provides no factual support for his conclusion that the requested documents *are* within Defendants' custody or control. As Plaintiff fails to meet his burden of demonstrating that Defendants are actually withholding documents from him, (<u>Clinton</u>, 264 F.R.D. at 645), the Court **DENIES** Plaintiff's motion to compel as to request for production Set 3 – letters E and F.

**C.     Request to Admit Set 2. (Doc. 135)**

Fed. R. Civ. P. 36(a)(4) governs how a party must answer a request to admit. A party may specifically deny a request to admit or may "state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). A responding party may qualify his or her answer or deny part of the answer where good faith exists, but "the answer must specify the part admitted and qualify or deny the rest." Id.  A responding party may assert "lack of knowledge or information" as the basis of their denial to a request to admit. Id. As a precursor to such response, however, a responding party must state that he or she has "made reasonable inquiry and that the information [he or she] knows or can readily obtain is insufficient to enable [him or her] to admit or deny." Id.

Courts generally permit a responding party who fails to comply with the literal requirements of Fed.R.Civ.P. 36(a) to amend its answer. Asea, Inv. V. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981); see also A. Farber & Partners, Inc. v. Garber, 237 F.R.D. 250 (C.D. Cal. 2006). The Court notes that it is required to order that an answer be served where it finds an objection is unjustified. Fed.R.Civ.P. 36(a)(6). Furthermore, the Court is permitted either to order the request admitted or order an amended answer. Id.

Plaintiff seeks to impose sanctions on Defendants for their various responses to his request to admit Set 2. (Doc. 135 at 14-26).  Fed. R. Civ. P. 37(c) guides the Court in determining when sanctions are appropriate for improper responses to requests to admit. The Court may sanction a party where the party fails to admit "the truth of any matter as requested" without having a reasonable basis for doing so. Fed.R.Civ.P. 37(c); Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994).  Upon motion, Rule 37(c) also permits sanctions to be imposed when a party fails to admit the truth of a matter requested and the requesting party thereafter proves the truth of the matter. Fed.R.Civ.P. 37(c).  As discussed below, Plaintiff provides no grounds on which the Court may impose sanctions.

Plaintiff seeks to amend request to admit number 1. (Doc. 135 at 16).  A motion to compel is the improper forum in which to amend a discovery request.  Given that the Court can only consider the request to admit as it read when propounded, the Court **DENIES** Plaintiff's motion to compel as to request to admit Set 2 - number 1.

In request to admit numbers 9 and 10, Plaintiff requests that Defendants admit facts as to the handwriting contained in a certain document. (Doc. 135 at 15, 60). Defendants object to number 9 as it calls for an expert and provide a lengthy explanation for their answer to number 10. (Doc. 135 at 60, Doc. 177 at 3-4). The fact that Plaintiff believes handwriting experts "unnecessary," (Doc. 135 at 15), is irrelevant to the present motion, given that Defendants met the requirements of Fed. R. Civ. P. 36 by qualifying their denial of numbers 9 and 10. The Court **DENIES** Plaintiff's motion to compel as to request to admit Set 2 - numbers 9 and 10.

In request to admit Set 2 - numbers 16-18, 21-14, 26-28, 30, 32-35, and 38-42, Plaintiff requests that Defendants admit to certain portions of the "Health Care Manual" and to certain facts concerning his "Discharge Orders." (Doc. 135 at 16, 62-70). Defendants admit that "the document[s] speak for [themselves]" and/or quote the language of the document in response to Plaintiff's requests. Rule 34(a)(4) specifically permits Defendants to qualify their admission or to simply deny a request to admit. Thus, Plaintiff fails to demonstrate how Defendants' responses are sanctionable and the Court **DENIES** Plaintiff's motion to compel as to request to admit Set 2 - numbers 16-18, 21-14, 26-28, 30, 32-35, and 38-42.

In request to admit Set 2 - number 48, Plaintiff requires Defendants to admit that had they contacted an RN or physician "regarding urgent/emergent care for Plaintiff, [then] relevant documentation would exist." (Doc. 135 at 72). Defendants object to the question on the grounds that it calls for speculation. Id. Plaintiff argues that this question applies to "fact[s] and law, which [D]efendants are *presumed* to know" and is somehow relevant. (Doc. 135 at 16). A plain reading of the request indicates that Plaintiff does in fact wish Defendants to guess at what "would have" or "should have" happened. Thus, the objection is **SUSTAINED** and the Court **DENIES** Plaintiff's motion to compel as to request to admit Set 2 - number 48.

Plaintiff requests that Defendants clarify their answers to request to admit Set 2 - numbers 20 and 31. In these requests, Plaintiff asked Defendants to admit that certain exhibits were part of the "Health Care Manual." (Doc. 135 at 17). Plaintiff further asks that Defendants send him a "courtesy copy of [their] exhibits." Id. Defendants have clarified their response, but also correctly indicate that a

request for documents is not within the parameters of Fed. R. Civ. P. 36(a).[3] Given that Defendants provided Plaintiff with a complete response to the questions as propounded, the Court **DENIES** Plaintiff's motion to compel as to request to admit Set 2 - numbers 20 and 31.

In request to admit numbers 12, 13, 19, 25, 30, 31, 36-39, and 43-48, Plaintiff requests that Defendants admit to facts concerning the Medication Administration Record ("MAR"), Plaintiff's care, and Defendants' liability. (Doc. 135 at 17-26). While Plaintiff contends that Defendants may be evading the admissions by "feigning amnesia," (Doc. 135 at 26), Defendants either admit or deny each request to admit as required by Fed. R. Civ. P. 36. Id. at 17-26. Plaintiff argues with the substantive merits of Defendants admissions or denials, he not entitled to a motion to compel simply because he does not agree with the answer given. Plaintiff again presents no grounds on which to impose sanctions.[4] Thus, Plaintiff's motion to compel as to requests to admit 12, 13, 19, 25, 30, 31, 36-39, and 43-48 is **DENIED.**

II.     **Request for Sanctions for Failure to Comply with the Court Order. (Doc. 171).**

Fed. R. Civ. P. 37(b) provides that sanctions are appropriate where a party fails to obey a discovery order. A court may impose such sanctions as rendering a default judgment or striking the pleadings. Fed. R. Civ. P. 37(b)(2)(A)(iii),(vi). The Court has the inherent ability to sanction a party where a party's actions are "utterly inconsistent with the orderly administration of justice." Fjelstad v. Am. Honda Motor Co., Inc., 762 F.2d 1334, 1338 (9th Cir. 1985). However, "[d]ue process limits the imposition of the severe sanctions of dismissal or default [] and prevents their imposition merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case." Fjelstad, 762 F.2d at 1338 (internal citations and quotations omitted). Fed.R.Civ.P. 37 governs sanctions for discovery violations. Prior to granting any dismissal for discovery violations, the Court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring

---

[3] To the extent Plaintiff seeks to modify his request to admit, the Court again reminds Plaintiff that it will only consider the request to admit as it read when originally propounded on Defendants.

[4] In addition to Plaintiff's request for sanctions, he also seeks disbarment of defense counsel for their failure to respond to Plaintiff's discovery. Plaintiff has shown no grounds on which the Court could consider revocation of defense counsel's ability to practice before this Court. Furthermore, licensure of an attorney admitted to the State Bar of California – or any state for that matter - is outside the Court's jurisdiction.

disposition of cases on their merits; and (5) the availability of less drastic sanctions." Clinton v. California Dept. of Corrections, 264 F.R.D. 635, 641 (E.D. Cal. 2010). A warning of dismissal is sufficient to satisfy factor number five. Id., at 641. The minimal threshold inquiry the Court must make prior to any dismissal is to determine whether any willfulness, fault or bad faith exists on the part of the non-moving party. Id.

On March 19, 2013, the Court ordered Defendants to produce certain redacted documents from their personnel files and to provide a privilege log to Plaintiff. (Doc. 140 at 12-13). Presently, Plaintiff complains that he was provided "some documents," but they failed to produce Plaintiff's "Appeal Inquiry" forms. (Doc. 171 at 1). Defendants indicate that they have provided the "only responsive document…in their possession, custody, or control." (Docs. 178-1 at 2). While Plaintiff believes that other documents *should* be in Defendants' control, he provides no factual basis for this allegation. The fact that Plaintiff was unsatisfied by the documents within Defendants' control provides no basis for a finding of willfulness, fault or bad faith. Therefore, the Court **DENIES** Plaintiff's request for sanctions against Defendants for failure to comply with a court order. (Doc. 171).

### III. Request for assistance of counsel.

The Court previously advised Plaintiff on numerous occasions that he does not have a constitutional right to appointed counsel in this action. *See e.g.*, (Doc. 44). Barring any exceptional circumstances, this Court could not require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1) (*citing* Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989)). (Doc. 44). The Court previously determined that no exceptional circumstances existed by considering both the likelihood of Plaintiff's success on the merits and Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues raised. (Doc. 44). Seemingly, Plaintiff believes that continuing to file the same motion over and over based upon the same, essential assertions will somehow evince a different response from the Court; it will not.

In the present matter, the Court - as it has previously done - does not find the any exceptional circumstances. Even if it were assumed that Plaintiff has a likelihood of success on the merits of his claim, Plaintiff has demonstrated that he is able to articulate his claims pro se. Plaintiff cites his difficulty in identifying Defendant "Veronica," obtaining "inmate (witness) rosters," and taking

depositions to support the proposition that he faces complex legal issues. (Doc. 135 at 31). As the difficulties described by Plaintiff are identical in challenges inherent to every lawsuit, Plaintiff's motion for counsel is **DENIED.**

**IV**. **Motion to appoint an impartial expert. (Doc. 135).**

Plaintiff requests that the Court appoint an impartial expert who is "knowledgeable in California prison record keeping practices" pursuant to FED. R. EVID. 706. (Doc. 135 at 27). FED. R. EVID. 706 permits the Court to appoint a willing expert who may advise the parties of any findings and who may be called to testify at trial. Fed. R. Evid. 706, however, is juxtaposed with Fed. R. Evid. 702 which permits the Court to appoint a witness where the expert's "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Hollis v. Sloan, Case Number 2:08-CV-2674, 2010 WL 4069336, at * 1 (E.D. Cal. 2010). These rules do not, however, permit the appointment of an expert to serve as an advocate for one of the parties. Hollis, 2010 WL at 1.

Moreover, under 28 U.S.C. § 1915, federal courts may permit an indigent party to file suit without prepaying fees and costs. The statute does not authorize courts to subsidize expert fees, however. Hadsell v. IRS, 107 F.3d 750, 752 (9th Cir. 1997) (relying on Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam)). Accordingly, Plaintiff's request for the appointment of an impartial records expert is **DENIED.**

Where a party has filed a motion for appointment of a neutral expert under Rule 706, the court must provide a reasoned explanation of its ruling on the motion. Gordon, at 1178. Several factors guide the Court's decision. First, and most importantly, the Court must consider whether the opinion of a neutral expert will promote accurate fact finding. Id. at 1179. Additionally, the Court may consider the ability of the indigent party to obtain an expert and the significance of the rights at stake in the case. Id. at 1182-84.

Presently, the Court has concluded that an impartial California prison records expert is not essential for an accurate determination of the issues that Plaintiff raises in his matter. Plaintiff's legal claims are premised on two primary factual assertions: (1) that defendants failed to provide him pain medication after he underwent surgery for a deviated septum and (2) that defendants delayed his

13

treatment by refusing to allow him to see a doctor or registered nurse. Exactly what purpose the impartial records expert would serve is unclear. Plaintiff seemingly seeks the appointment of an expert to testify to the "code of silence" among CDCR officials and to obtain discovery documents from the CDCR. (Doc. 135 at 27-28). At issue is not whether Defendants attempted to cover-up Plaintiff's injury, but instead, how much pain Plaintiff suffered. Similarly, the purpose of an impartial expert is to aid the Court, not to serve as an advocate in obtaining discovery documents on Plaintiff's behalf. The appointment of an expert would not assist the Court in determining any facts which are relevant to this case.

In regard to whether Plaintiff may obtain an expert on his own, the Court finds no reason as to why Plaintiff would need an expert to obtain the information he seeks or the relevance of such expert. Despite Plaintiff's contention that Defendants or the CDCR conspiratorially withheld documents from him, Plaintiff may use – and has used – the Court on *numerous* occasions to address and ameliorate his discovery issues. Thus, Plaintiff's motion for appointment of an expert is **DENIED.**

## ORDER

1. The Court finds no evidence of willfulness, fault or bad faith on Defendants' part for any alleged discovery violation at this junction of the proceedings. No sanctions will be entered against them;
2. Plaintiff's motion to compel responses to interrogatory Sets 4 and 5, (Doc. 139), is **DENIED;**
3. Plaintiff's motion to compel request for production Set 2, (Doc. 135), is **DENIED;**
4. Plaintiff's motion to compel request for production Set 3, (Docs. 139), is **DENIED;**
5. The motion to compel Defendants' responses to request to admit set 2, (Doc. 135), is **DENED.**
6. Plaintiff's notice of Defendants' failure to respond to discovery (Doc. 137) is **DENIED as moot** because Defendants served their responses on March 5, 2013**;**
7. Plaintiff's request for sanctions against Defendants for failure to comply with the Court order to supplement, (Doc. 171), is **DENIED;**

///

///

///

8. Plaintiff's request for appointment of an impartial "California prison record keeping" expert (Doc. 135) is **DENIED.**

IT IS SO ORDERED.

Dated:   **May 30, 2013**                              **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE